614 So.2d 758 (1993)
STATE of Louisiana, Appellee,
v.
John Ward GREEN, Appellant.
Nos. 24490-KA, 24491-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1993.
Lewis A. Jones, Indigent Defender Bd., for appellant.
Richard Ieyoub, Atty. Gen., Robert W. Levy, Dist. Atty., R. Wayne Smith, Asst. Dist. Atty., for appellee.
Before NORRIS, LINDSAY and BROWN, JJ.
BROWN, Judge.
On June 12, 1991, Defendant, John Ward Green, pled not guilty to separate charges of armed robbery and aggravated burglary. On February 20, 1992, an amended bill reduced the armed robbery charge to aggravated burglary. Defendant then entered guilty pleas to the two aggravated burglary charges. Following sentencing on April 29, 1992, defendant appealed, arguing that his sentences were excessive. For the reasons set forth below, we affirm.

FACTS
On May 23, 1991, Jackie Adams filed a complaint with the Lincoln Parish Sheriff's Office alleging that as she entered her bedroom, a man grabbed her from behind and while threatening her life demanded money. The perpetrator removed Ms. Adams' glasses and then armed himself with a kitchen knife which he held against her throat. Ms. Adams gave the perpetrator five dollars from her purse and he left through a side door. Ms. Adams also found a lady's gold watch missing.
On May 25, 1991, the Grambling Police Department received a call from Regina White claiming a burglar was in her trailer. *759 When the police arrived, they found Ms. White crying. Ms. White stated that she and her children were asleep when she heard a noise. When Ms. White got up to investigate, a man put a hand over her mouth and a knife against her throat. She and the children began screaming. The perpetrator threatened her life unless she stopped; however, the children continued crying and the perpetrator fled through the front door of the trailer. Defendant was located that night at the trailer park and arrested.
While in custody, defendant was interviewed about the break-in at Ms. Adams' house. After having been advised of his rights, defendant admitted entering Ms. Adams' house and taking the money. He stated that as he was leaving he also took a pair of scissors.
Initially, defendant was charged with aggravated burglary for the Adams' break-in on May 23rd and with armed robbery of Ms. White on May 25th. Pursuant to a plea agreement, the armed robbery charge was changed to aggravated burglary and defendant pled guilty to both this amended charge and the other (May 23rd) aggravated burglary. Defendant was given fifteen (15) year hard labor terms on each aggravated burglary with five (5) years to be served consecutively, for a total of twenty (20) years imprisonment.

DISCUSSION
The Felony Sentencing Guidelines, which became effective on January 1, 1992, are applicable in this case; and to allow this court to review these sentences, LSA-C.Cr.P. Art. 881.1 requires that defendant timely moved the trial court to reconsider its decision. Defense counsel made an oral motion for reconsideration of the sentence, as follows:
MR. JONES: Your Honor, in accordance with the Code of Criminal Procedure, Article 881.1, the defendant at this time would make an oral motion asking the Court to reconsider the sentence, specifically based on the facts and circumstances of this case and the defendant's background, including his mental capacity and also the fact that he has not have (sic) a felony conviction since 1983. We feel like the sentence is excessive. We would ask that it be reconsidered at this time.
Only those objections specifically made in the motion to reconsider can be urged on appeal. LSA-C.Cr.P. Art. 881.1(D); State v. Bryant, 607 So.2d 11 (La.App. 2d Cir. 1992). However, before we can consider the issue of excessiveness, the sentences imposed must have been beyond the appropriate sentencing range provided by the guidelines.
Since defendant was being sentenced for two offenses which were not part of a common transaction or scheme, consecutive sentences were possible. La. S.G. § 208(A)(1) & (2). Paragraph C of § 208 provides the method by which the range for consecutive sentences is determined. Defendant's minimum exposure with consecutive sentences was twenty-six (26) years and three (3) months.[1] The judge sentenced defendant to fifteen (15) years on each count, with all but five (5) years to run concurrently. This total sentence *760 of twenty (20) years is in fact below what the guidelines minimally recommended for this defendant. We note that the trial court did not state what mitigation factors it considered to reach this downward departure from the recommended sentence; however, because the state did not appeal, we will not consider this error.
When consecutive sentences are imposed, the court shall state the factors considered and its reasons for the consecutive terms. La.S.G. § 208(A)(3). The trial court stated that its motivation in part for consecutive sentences was that the two offenses were committed within two days of each other and were similar to the facts of defendant's prior conviction. The court also commented that the seriousness of the offenses warranted the consecutive sentences. We agree, and note that in 1983 defendant was arrested for attempted aggravated rape by breaking into a residence and while armed with a kitchen knife attempting to assault a 13-year-old girl. Defendant pled guilty to aggravated burglary in this 1983 case and served seven (7) years of a twelve (12) year sentence. The present crimes are strikingly similar and occurred within six months of defendant's release from prison.
The minimum consecutive sentence deemed appropriate for defendant by the guidelines is twenty-six (26) years and three (3) months. Defendant's total sentence of twenty (20) years falls below the minimum as recommended by the guidelines. Therefore, defendant does not have grounds to attack his sentence as excessive.
Although we do not need to consider defendant's excessiveness argument, we note that he moved to reconsider his sentence based upon his alleged diminished mental capacity and that he had not been convicted of a felony since 1983. Defendant was incarcerated from 1983 until November 20, 1990. The two incidents out of which the present aggravated burglary charges arose occurred within six months of defendant's release from prison. Because defendant had been a student at the state school in Leesville does not, by itself, indicate such a decreased mental capacity as to demonstrate that defendant's ability to appreciate the criminality of his conduct was impaired. La.S.G. § 205(C)(3). Thus, defendant's arguments are without merit.
In imposing sentence, the trial court did not give Green credit for time served. Defendant was arrested on May 25, 1991, and has been incarcerated at the Lincoln Parish Detention Center since that time. As of the sentencing date, April 29, 1992, defendant had served 339 days in jail. When imposing sentence, the court shall give credit for time spent in actual custody. LSA-C.Cr.P. Art. 880. Failure to do so is error patent. State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). Because the sentences were imposed in part consecutively, we direct that the incarceration time spent prior to sentencing be credited to the first charged and docketed offense (No. 24,490-KA). State v. Hughes, 587 So.2d 31 (La. App. 2d Cir.1991).

DECREE
AS AMENDED TO GIVE CREDIT FOR TIME SERVED; AFFIRMED.
NOTES
[1] Defendant had been previously convicted of aggravated burglary. This carries three points in the criminal history index. Since this prior conviction is in the same crime family as defendant's current convictions (in fact, it is the same crime), one-half point is added to the three points, for a total of three and one-half points. La.S.G. § 203(C)(3). Defendant was paroled from his prior conviction on November 20, 1990; these crimes were committed on May 23 and 25, 1991. Defendant's crime-free time is thus only six months, which means that full value is given to his offense score. La.S.G. § 203(C)(3). (The La. Sentencing Commission in May 1992 abolished this "crime free" concept). With a criminal history index of three and one-half, the defendant falls into Range C. Aggravated burglary is in grid cell one. Therefore, defendant was subject to 210-240 months for each conviction, if the sentences were ordered concurrent.

Since both of the offenses defendant was charged with are the same (aggravated burglary), the base sentence range under 1C is 210-240 months. Fifty percent of the minimum of the grid range (210 months) for the second offense is then added to the sentencing range. Fifty percent of 210 is 105, which is added to the sentencing range for an exposure of 315-345 months incarceration.