VICTORY, Judge.
In return for dismissing three counts of a six count amended bill of information for issuing worthless checks (IWC), the defendant pled guilty to three counts of IWC over $500. He was sentenced on October 19,1992 to three years at hard labor on two of the counts and five years at hard labor on the third count, all sentences to run consecutively. On appeal, the defendant claims that the trial court erred in refusing to grant his motion to quash count 1 of the indictment and in imposing sentences that are excessive.
FACTS
The defendant has at least 15 prior convictions for IWC since 1975. The amended bill of information charged him with six felony counts dating back to 1986. Counts 1, 2 and 3 were for IWC totaling $500 or more, and counts 4, 5 and 6 were for IWC totaling over $100, but less than $500. During the trial, the defendant pled guilty to counts 1, 2 and 3 in return for counts 4, 5 and 6 being dismissed. He was later sentenced to three years at hard labor each on counts 1 and 2, and five years at hard labor on count 3. He timely filed a motion for reconsideration of the sentences on November 16, 1992, which was denied by the trial court.
MOTION TO QUASH
On the day his trial began, the defendant moved to quash count 1 of the amended bill of information, claiming it charged him with offenses more than four years old in violation of LSA-C.Cr.P. Art. 572. However, the record reflects that all checks listed in counts 1, 2 and 3 of the amended bill were either issued within the four-year prescriptive period of Art. 572, or were included in bills of information previously filed against the defendant. These other bills were dismissed shortly after the amended bill of information was filed on June 15, 1992. The record reflects that the amended bill was filed by the state, without objection from the defendant, merely to incorporate all of the pending charges against the defendant into one bill of information. The provisions of LSA-C.Cr.P. Art. 576 allow the state to dismiss a charge and refile a new bill based on the same facts within six months of the dismissal. This assignment of error has no merit.
EXCESSIVE SENTENCES
The remainder of the defendant’s assignments of error address the claimed excessiveness of the defendant’s sentences. As previously stated, the defendant has a lengthy history of IWC. Further, he was convicted of manslaughter in the early 1960’s for which he served time in the state penitentiary. Under the new Felony Sentencing Guidelines, IWC in excess of $500 is a level 5 crime. The defendant’s criminal history places him in Class A, the worst category on the guidelines grid. The guidelines grid recommends a sentence of 60 to 72 months for grid cell 5A; thus, each of the sentences imposed, three years at hard labor on counts 1 and 2, and five years at hard labor on count 3, are within the designated sentence range of the guidelines grid, and, cannot be excessive. State *66 v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992). Section 201 C of the guidelines provides that when the sentence imposed falls within the recommended range of the appropriate cell of the grid, the sentence is appropriate for the purposes of the guidelines, and the court is not required to set forth additional factors justifying the selection of the particular sentence. See State v. Coleman, 605 So.2d 231 (La.App. 2d Cir.1992).
However, defendant complains the trial court erred in giving him consecutive sentences rather than concurrent sentences, and erred in failing to justify the consecutive sentences on the record. See State v. Green, 614 So.2d 758 (La.App. 2d Cir.1993); La.S.G. § 215. Statements made by the trial judge at sentencing make it clear that he was very concerned with the defendant’s prior criminal record which began 31 years earlier. A review of the defendant’s presentence investigation filed in the record shows that his criminal history score, when all prior convictions are counted, exceeds the threshold of class A by at least 2 points on the criminal history index, which is an aggravating circumstance under § 209B(18) of the sentencing guidelines. In State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992), we held that the limitations found in § 205C of the guidelines, while applicable to calculating the score for the purposes of class ranking on the guidelines grid, are disregarded in calculating the defendant’s record of convictions for prior criminal conduct under § 209B(18) of the guidelines. Such an aggravating circumstance may be used under § 215A(1) of the guidelines to determine whether or not consecutive sentences should be imposed. Here, the defendant’s prior record is so substantial, especially for IWC, that the judge was within his discretion in choosing to impose consecutive sentences.
Section 215C of the guidelines provides that in imposing consecutive sentences, the base sentence range of the most serious offense of conviction is established by referring to the appropriate cell on the guidelines grid. In this case, the appropriate grid cell is 5A and the recommended sentence range is 60 to 72 months. Thus, the judge correctly sentenced the defendant to 60 months, within the grid range for count 3. However, in sentencing the defendant to three years on counts 1 and 2, the judge apparently overlooked the provision of § 215C(2) that states no more than 50% of the minimum of the grid range for each of the subsequent offenses should be added to the base sentence range. Therefore, in this case, 30 months, rather than 36 months, would be the proper sentences for counts 1 and 2 under the guidelines.
While we recognize the sentencing guidelines are advisory and not mandatory, the record is clear that the trial judge was diligently attempting to follow the guidelines in imposing these consecutive sentences. Therefore, we vacate the sentences imposed on counts 1 and 2 and remand to the trial court to give him the opportunity to resentence under the guidelines for those counts, i.e., 30 months on each count, to be served consecutively with each other and with the sentence imposed on count 3. If he chooses to resentence the defendant to 36 months on these counts, he should put his reasons for his departure from the guidelines on the record.
DECREE
For the reasons stated, the defendant’s convictions are affirmed and the’sentence imposed by the trial court on count 3 is affirmed. The sentences imposed on counts 1 and 2 are vacated and the case is remanded to the trial court for resentenc-ing in accordance with this opinion.
AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRUCTIONS.