STEWART, Judge.
Donald Ray Cole pled guilty to illegal possession of stolen things. He was sentenced to the statutory maximum of two years imprisonment. He appeals his sentence as excessive. We affirm.
FACTS
Cole was originally charged with simple burglary, LSA-R.S. 14:62. In a plea bargain arrangement he pled guilty to middle grade possession of stolen things, LSA-R.S. 14:69. At sentencing, the trial court stated that Cole’s fourth felony offender status and the seriousness of the offense placed him within grid cell 7A of the Louisiana Sentencing Guidelines. This cell recommends a sentence of 36^48 months. The maximum penalty for illegal possession of stolen things under LSA-R.S. 14:69 is two years of imprisonment at hard labor and a $2,000 fine. The trial court noted that the recommended sentence range for the defendant exceeded the statutory maximum. The court then sentenced Cole to the statutory maximum of two years of imprisonment pursuant to § 213 of the Louisiana Sentencing Guidelines. This section of the sentencing guidelines states that:
If the minimum sentence duration provided by the sentence range in the appropriate cell of the grid exceeds the statutory maximum sentence for the offense of conviction, the court should impose the statutory maximum sentence unless mitigating circumstances justify imposition of a more lenient sentence.
The trial court denied an oral motion for reconsideration of his sentence on the grounds of excessiveness. Cole appeals his sentence.
DISCUSSION
LSA-C.Cr.P. art. 881.1 precludes a defendant from raising an objection to the sentence or from urging any grounds not raised in a motion to reconsider sentence on appeal or review. State v. Bush, 604 So.2d 1383, 1384 (La.App. 2d Cir.1992); State v. Bryant, 607 So.2d 11, 14 (LaApp. 2d Cir. 1992); State v. Carter, 609 So.2d 261 (La. App. 5th Cir.1992). Not only must a motion for reconsideration of sentence be timely filed with the trial court, but the motion must also contain a specific ground or grounds upon which a defendant is seeking to have *771 the sentence reconsidered. State v. Barnes, 607 So.2d 872, 874 (La.App. 2d Cir.1992); LSA-C.Cr.P. art. 881.1(D).
Because Cole merely alleges that his sentence is excessive, under State v. Mims, 619 So.2d 1059, 1060 (La.1993), he is “simply relegated to having the appellate court consider the bare claim of excessiveness.” This bare claim preserves only a claim of constitutional excessiveness. Id.
In State v. Green, 614 So.2d 758 (La. App. 2d Cir.1993), the defendant was convicted of two counts of aggravated burglary. The sentencing guidelines report indicated that the minimum consecutive sentence for the defendant was 26 years and 3 months. The trial judge sentenced the defendant to 20 years. Since this sentence fell below the sentencing guidelines recommendation, the court held that the defendant did not have the grounds to attack his sentence as excessive. Id. at 760. The present case is similar to Green. In both cases, the defendants’ actual sentence fell below the sentencing guidelines recommendation. Therefore, like the sentence in Green, Cole’s sentence is also not excessive.
Pursuant to LSA-C.Cr.P. Art. 920(2), we have examined the record for patent error and found none.
The defendant’s sentence is affirmed.
AFFIRMED.