liWILLIAMS, Judge.
After being charged by bill of information with two counts of forgery (LSA-R.S. 14:72), the defendant, Anthony A. Mitchell, pled guilty to two counts of theft of property valued at one hundred dollars or more, but less than five hundred dollars (middle-grade felony theft). LSA-R.S. 14:67(A) and (B)(2). For each count, the trial court imposed a two-year sentence and ordered them to be served consecutively. The defendant appealed, urging that his sentences are excessive. For the following reasons, we affirm the defendant’s sentences.
FACTS
On August 15, 1993, the defendant stole two checks from his employer, Sidewinder, Inc. He wrote one check for $400.00 and the other for $365.15. Then, he forged the drawer’s signature on them. Subsequently, he cashed one of the cheeks at Roscoe’s Dixie Inn Grocery and the other at Minden Market. He was arrested and later convicted of two counts of middle-grade felony theft.
DISCUSSION
On appeal, the defendant complains that the trial court erred in ordering the sentences to be served consecutively. In a motion for reconsideration of sentence, a defendant must include each specific ground upon which he seeks to have his sentence reconsidered. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992); LSA-C.Cr.P. Art. 881.1(D). Failure to include a specific ground in a motion to reconsider sentence precludes the defendant from urging that ground on appeal or review of the sentence. State v. Cole, 626 So.2d 769 (La.App. 2d Cir.1993).
In the present case, the defendant, in his motion for reconsideration of sentence, only alleged that his sentences were excessive. That mere allegation only preserved a bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Thus, the defendant is simply relegated to having this court review his sentence for constitutional excessiveness. Id.
[⅛4 sentence violates LSA-Const. Art. 1., Sec. 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonnano, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock one’s sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
During the defendant’s sentencing hearing, the trial court gave extensive reasons for the sentences imposed. The trial court noted that although the defendant had obtained a GED and was employed prior to his arrest, the defendant, at age twenty-eight, was already a second-felony offender. Included among the defendant’s prior felony convictions were burglary of an inhabited dwelling and attempted armed robbery. At the time of sentencing, the defendant also had a pending simple burglary charge.
The trial court also considered the state’s past leniency with the defendant. On one occasion, the state charged the defendant with aggravated battery, but nol-prossed that charge. In another instance, the state charged the defendant with possession of a concealed weapon by a convicted felon, but allowed him to plead guilty to illegal carrying of a weapon.
The trial court noted that the defendant had an extensive juvenile criminal history and a drug problem which began at age *139 fourteen. The defendant’s presentence investigation report revealed that he smoked about eight marijuana joints each month and had been addicted to crack cocaine for almost a year. Finally, the trial court considered how the defendant’s criminal activity caused the victims of the instant offenses to suffer substantial economic loss.
The instant record shows the defendant is neither a youthful nor first-felony offender. The defendant has been previously convicted and sentenced for similar ftoffenses and has received some leniency from the state during those prosecutions. After reviewing the defendant’s pattern of criminal conduct, it is apparent he has a poor potential for rehabilitation and will not refrain from criminal activity.
Additionally, we note that the aggregate amount stolen by the defendant is $765.15. LSA-R.S. 14:67(C) provides that the aggregate amount of thefts committed in separate distinct acts determines the grade of the offense. Thus, although the defendant was allowed to plead guilty to a lessor and included offense, he is actually guilty of a theft of property valued at five hundred dollars or more. The maximum statutory penalty for that offense is ten years imprisonment. LSA-R.S. 14:67(B)(1). Thus, the record shows the defendant greatly reduced his potential exposure to incarceration by pleading guilty to the instant charges, rather than going to trial on the initial charges of forgery or the potential charge of the elevated grade of felony theft.
A review of the record shows that throughout the years, the defendant’s criminal activity has not been deterred; rather, it has escalated in spite of past leniency. Thus, we cannot say the sentences imposed by the trial court are a purposeless and needless infliction of pain and suffering. Nor can we say that the sentences imposed are so disproportionate as to shock one’s sense of justice. Accordingly, we find the trial court did not abuse its wide discretion in sentencing this defendant. The defendant’s sentences are affirmed.
ERROR PATENT
A review of the record clearly shows the defendant pled guilty to and was convicted of two counts of middle-grade felony theft. Both, the transcript of his plea colloquy and the trial court minutes, reflect that he was convicted of two counts of middle-grade felony theft. Additionally,' the original bill charging the defendant with two counts of forgery was amended to charge him with two counts of middle-grade felony theft. However, despite the lack of ambiguity in the record in regard to the defendant’s offenses of conviction, the trial court’s signed judgment inadvertently reflects that the defendant was convicted of two counts of forgery.
|4This error is discoverable from an inspection of the pleadings and proceedings, without inspection of the evidence; therefore, it is patent on the face of the record. See State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992); LSA-C.Cr.P. Art. 920(2). Thus, we remand this case with instructions to the trial court to correct the record so that the signed judgment reflects the defendant’s actual offenses of conviction; two counts of middle-grade felony theft.
DECREE
The trial court is instructed to amend the judgment to show the defendant was convicted of two counts of middle-grade felony theft. In all other respects, the defendant’s sentences are affirmed.
AFFIRMED with instructions.