862 So.2d 440 (2003)
STATE of Louisiana, Appellee,
v.
Richard Allen JARRETT, Appellant.
No. 37,928-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*442 Louisiana Appellate Project, by Kenota Pulliam Johnson, Indigent Defender Board, by Pamela G. Smart, for Appellant.
Schuyler Marvin, District Attorney, Jeffrey S. Cox, R. Lane Pittard, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and CARAWAY, JJ.
CARAWAY, J.
The state charged the defendant, Richard Allen Jarrett, with the offenses of: (1) aggravated rape, La. R.S. 14:42 (mandatory life imprisonment without benefits); (2) aggravated burglary, La. R.S. 14:60 (one to thirty years); (3) armed robbery, La. R.S. 14:64 (ten to ninety nine years without benefits); and, (4) aggravated sexual battery, La. R.S. 14:43.3 (fifteen years without benefits). The state entered into a plea bargain which reduced the aggravated rape charge to forcible rape, a violation of La. R.S. 14:42.1, punishable by imprisonment for not less than five years nor more than forty years. Jarrett also pled to the charge of aggravated burglary. The plea bargain dismissed the charges of armed robbery and aggravated sexual battery.
The court imposed the maximum sentences for both crimes and ordered that the forty-year and thirty-year sentences be served consecutively. Jarrett filed a motion for reconsideration of sentence which the court denied. He now argues that the sentences are excessive, that the court did not give adequate consideration to mitigating circumstances, and that the court erred in directing the sentences to be served consecutively.

Facts
On May 7, 2001 defendant, Richard Allen Jarrett, then 19, broke into the 52-year-old victim's Bossier City home after she had gone to bed for the night by forcing a lock on the back door. The victim awoke to find a man beside her on her bed telling her not to scream and to do whatever he said so she would not be hurt. Jarrett engaged in oral sexual battery on the victim and forced her to perform fellatio. During these events, the victim felt a knife or broken glass pressed against her. The defendant then engaged in vaginal intercourse with the victim and left DNA samples on her body and on the bed sheets. Jarrett then took the victim's car keys and left.
The victim went to a relative's nearby house and notified the police. A short time later, a patrol officer saw Jarrett driving the victim's stolen car. The officer apprehended Jarrett and found a large folding knife in one of his pockets. He also found a hunting knife lying on the front seat. That knife matched a sheath found at the scene of the crime.
A rape kit and subsequent DNA testing confirmed Jarrett was the perpetrator. He confessed when interviewed and admitted he had held a knife while committing the sex offenses.

Discussion
On appeal, Jarrett argues that the record contains an insufficient factual basis for the trial court's sentencing choices and that the case should be remanded for compliance with La.C.Cr.P. art. 894.1. Additionally, Jarrett contends that the imposed *443 maximum sentences are constitutionally excessive and that the trial court erroneously imposed consecutive sentences for the two offenses of conviction because each sentence arose from a single course of conduct.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. However, the jurisprudence holds that where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
Despite Jarrett's complaint, we find more than adequate 894.1 compliance by the trial court on the record before us. Prior to imposing sentence the court reviewed a pre-sentence investigation report (PSI). The court noted that Jarrett was a deserter from the U.S. Navy at the time of these offenses. The defendant had told the probation officer he hadn't intended for these offenses to happen and said he was sorry. Jarrett had prior convictions for simple criminal damage to property, possession of marijuana (on which probation had been revoked), and trespass which had been bargained down from unauthorized entry of an inhabited dwelling.
The court noted that the original charge of aggravated rape carried a sentence of life without benefits and the armed robbery carried a sentence exposure of up to 99 years without benefits. The court found that because the facts of the case would have upheld convictions on those charged offenses, the defendant had received a very substantial benefit from his plea bargain.
Defendant dropped out of school in the tenth grade, but obtained a GED. He began abusing drugs at an early age. His drugs of choice were LSD, ecstasy, marijuana and prescription medications. Defendant was a first felony offender, but was not eligible for probation because the offenses of conviction were crimes of violence.
The court also considered a sentencing memorandum presented by trial defense counsel which included defendant's medical records. They indicated, among other *444 things, that defendant had been diagnosed as having an impulse control disorder. Medications had been prescribed, but defendant had chosen to stop using them because he didn't like blood samples being taken. Thus, defendant was aware of the problem but he chose to ignore the treatment. He also continued to abuse drugs in spite of warnings to the contrary.
The court found there was an undue risk defendant would commit another offense if granted probation; that defendant was in need of correctional treatment; and, a lesser sentence would deprecate the seriousness of the offenses.
The victim made a presentation to the court at the sentencing and had written a letter telling the court she has "permanent psychological damage and her life will never be the same." The court concluded that Jarrett's conduct manifested deliberate cruelty to the victim. Jarrett knowingly created a risk of death or great bodily harm to the victim and used actual threats of violence, and the court agreed that the offenses caused a significant and permanent injury to the victim.
Next, we do not find the imposed sentences to be excessive. A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Here, the evidence would support a finding that defendant actually committed an aggravated rape rather than merely a forcible rape. The victim was prevented from resisting the act by threats of great bodily harm accompanied by apparent power of execution. The offender was armed with a dangerous weapon. Jarrett received a substantial reduction of sentencing exposure through the plea bargain, both from the reduction of the rape charge with its mandatory sentence of life, and from the dismissal of the armed robbery charge which could have resulted in a sentence of up to 99 years. Thus, the maximum sentences imposed for the two lesser offenses can be affirmed.
Finally, the jurisprudence holds that when two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment "shall be served concurrently unless the court expressly directs that some or all be served consecutively." La.C.Cr.P. art. 883. It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Robinson, 33,921 (La.App.2d Cir.11/1/00), 770 So.2d 868; State v. Coleman, 32,906 (La.App.2d Cir.4/5/00), 756 So.2d 1218, 1247-48, writ denied, 00-1572 (La.3/23/01), 787 So.2d 1010.
Concurrent sentences arising out of a single cause of conduct are not mandatory, State v. Pickett, 628 So.2d 1333 (La. App. 2d Cir.1993), writ denied, 94-0348 (La.5/20/94), 637 So.2d 476; State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir. 1985), and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Williams, 445 So.2d 1171 (La.1984); State *445 v. Mills, 505 So.2d 933 (La.App. 2d Cir. 1987), writ denied, 508 So.2d 65 (La.1987).
Although La.C.Cr.P. art. 883 favors the imposition of concurrent sentences for crimes committed as part of the same transaction or series of transactions, a trial court retains the discretion to impose consecutive penalties in cases in which the offender's past criminality or other circumstances in his background justify treating him as a grave risk to the safety of the community. State v. Walker, 00-3200 (La.10/12/01), 799 So.2d 461; State v. Feaster, 36,868 (La.App.2d Cir.3/5/03), 840 So.2d 675. Among the factors to be considered are the defendant's criminal history, State v. Ortego, supra; State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir. 1986); the gravity or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied, 496 So.2d 355 (La.1986); the viciousness of the crimes, State v. Clark, 499 So.2d 332 (La. App. 4th Cir.1986); the harm done to the victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982); defendant's apparent disregard for the property of others, State v. Parker, 503 So.2d 643 (La.App. 4th Cir.1987); the potential for defendant's rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983), State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987); and whether defendant has received a benefit from a plea bargain, State v. Jett, supra; State v. Adams, supra.
When consecutive sentences are imposed, the court "shall state the factors considered and its reasons for the consecutive terms." State v. Green, 614 So.2d 758 (La.App. 2d Cir.1993). A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record. State v. Strother, 606 So.2d 891 (La.App. 2d Cir. 1992), writ denied, 612 So.2d 55 (La.1993); State v. Thompson, 543 So.2d 1077 (La. App. 2d Cir.1989), writ denied, 551 So.2d 1335 (La.1989).
We note first that at the time of the plea bargain hearing, the trial court advised the defendant that by accepting the plea, the sentences could be consecutively imposed due to the benefit received therefrom. In this case, Jarrett's exposure to a mandatory life sentence was reduced by the plea to a charge of forcible rape with a maximum sentence of forty years.
While the trial court did not specifically state the reason for the consecutive sentences, the court discussed certain factors as set forth above which support the ruling. The rape and forced oral sex conducted at knife-point were particularly vicious. The victim was physically brutalized and mentally traumatized. Jarrett could not verbalize any reason for committing these offenses. He suffers from an impulse disorder and intentionally stopped taking medications prescribed for that disorder. He has a prior criminal record of a misdemeanor drug charge and unauthorized entry of an inhabited dwelling which was reduced by a plea agreement to a misdemeanor. All of these factors, as discussed by the trial court, support a finding that the defendant constitutes an unusual risk of danger to the public. The consecutive sentences therefore do not constitute error, and we find that the sentences are not constitutionally excessive.
AFFIRMED.