LOLLEY, J.
| defendant, Alexander Mansell, seeks review of the sentence imposed for his conviction of one count of indecent behavior with a juvenile under the age of 13 when the offender is 17 years of age or older. La. R.S. 14:81(H)(2). The defendant was sentenced to 12 years’ imprisonment at hard labor, the first two years to be served without the benefit of parole, probation or suspension of sentence. For the following reasons, we affirm and remand.

Facts and Procedural History

Defendant, Alexander Mansell, was originally charged with four counts of indecent behavior with a juvenile under the age of 13 when the offender is 17 years of age or older, a violation of La. R.S. 14:81(H)(2). The bill of information charged that the defendant had committed the offenses in 2004 and 2005 on K.L., who was born in September of 1995. In a statement to authorities, the defendant admitted to engaging in conduct on at least two separate occasions. On March 24, 2008, the defendant pled guilty to one count of indecent behavior with a juvenile under the age of 13 when the offender is 17 years of age or older with the benefit of a pre-sentence investigation report (“PSI”). In exchange, the state agreed to dismiss the three additional counts.
On May 19, 2008, the defendant was sentenced to 12 years’ imprisonment at hard labor, the first two years to be served without the benefit of probation, parole or suspension of sentence. Before imposing sentence, the trial court reviewed the PSI including the circumstances of the defendant’s crime as well as the defendant’s family and criminal histories. |2The trial court noted that the defendant was a first-time felony offender, but otherwise noted that it found no other mitigating factors. As aggravating factors, the trial court considered: the youth of the victim; the impact the offense would have on her; the fact that the conduct happened repeatedly and over an extended period of time; the fact that the defendant received a substantial benefit from his plea bargain; and, the fact that the defendant’s conduct could have been charged as aggravated incest.
On May 23, 2008, the defendant filed both a motion to reconsider sentence and a motion for appeal. The motion to reconsider alleged that in imposing sentence the trial court failed to consider the defendant’s age, potential for rehabilitation, first felony offender status, drug addiction, remorse, and the fact that his offense was several years old. The motion to reconsider was denied and the motion for appeal granted. On appeal, defendant argues that his sentence is constitutionally excessive, that the trial court failed to comply with the sentencing requirements of La. C. Cr. P. art. 894.1 and that the trial court erred in denying his motion to reconsider.

Discussion

The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately | .¡considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d *280 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La. App. 2d Cir.08/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La. App. 2d Cir.08/13/08), 989 So.2d 259. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166.
|4La. C. Cr. P. art. 881.1 precludes the defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Failure to include a specific ground in a motion to reconsider sentence precludes the defendant from urging that ground on appeal or review of the sentence. State v. Mitchell, 26,746 (La.App. 2d Cir.01/25/95), 649 So.2d 137.
In the instant case, the trial court ordered a PSI the contents of which were reviewed during the sentencing hearing. A review of the sentencing transcript indicates that the trial court was aware of the defendant’s age, family history, ties to the community and, as is usual in such a case, he expressed remorse for his conduct. Indicating that it had considered the factors set forth in La. C. Cr. P. art. 894.1, the trial court imposed the aforementioned sentence. The sentencing range for the defendant’s conviction is imprisonment at hard labor for not less than 2 nor more that 25 years, at least 2 of which shall be served without the benefit of parole, probation or suspension of sentence. Accordingly, the defendant’s sentence falls within the statutory sentencing parameters and is a midrange penalty.
On this record we do not find constitutional error. The sentence is not grossly disproportionate to the seriousness of the offense committed, nor does it constitute needless infliction of pain and suffering. The defendant received a substantial reduction in sentencing exposure through his plea agreement. Defendant has made no showing that the district court abused its wide discretion in imposing this sentence. Therefore, the assigned error is without merit.
|/While not expressly assigned as error, defendant also complains in brief that defense counsel was never provided a copy of the victim impact statement submitted by the victim’s mother. This issue was not raised in the defendant’s motion to reconsider sentence and La. C. Cr. P. art. 881.1 precludes the defendant from presenting sentencing arguments to the court of appeal which were not presented to the *281 trial court. State v. Mitchell, supra. We also note, however, that neither defendant nor his counsel requested to see the statement during the sentencing hearing, nor did they object to its consideration when the trial court referred to it. Accordingly, we find no merit to the defendant’s argument in this regard.
We have reviewed the record for errors patent and have found that the trial court failed to inform the defendant of the sex offender notification and registration requirement as required under La. R.S. 15:543. The defendant’s conviction of indecent behavior with a juvenile under the age of 13 when the offender is 17 years of age or older, a violation of La. R.S. 14:81(H)(2) and a “sex offense” under La. R.S. 15:541(14.1), requires that defendant be subjected to the sex offender notification and registration requirements. La. R.S. 15:542. Louisiana R.S. 15:543 requires that the trial court notify a defendant convicted of a sex offense in writing, using the form contained in La. R.S. 15:543.1, of the registration and notification requirements. It further requires that such notice be included on any guilty plea forms and judgment and sentence forms provided to defendant, and that an entry be made in the court minutes stating that the written notification was provided. Here, the record does not indicate that the defendant was provided with any | (¿judgment and sentence form, or orally informed by the trial court of his registration requirements at his conviction and sentencing. As a result, remand is required for the purpose of providing the appropriate written notice to the defendant of the sex offender registration requirements. State v. Scott, 42,997 (La. App. 2d Cir.02/13/08), 975 So.2d 782.

Conclusion

For the foregoing reasons, the conviction and sentence are affirmed. We hereby remand this matter to the trial court so it can provide the appropriate written notice to the defendant of all sex offender registration requirements, and for the requisite minute entry confirming that provision.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED FOR COMPLIANCE WITH LA. R.S. 15:543.