NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**15-660**

**STATE OF LOUISIANA**

**VERSUS**

**RYAN CRENNA GARCIA**

**AKA - RYAN C. GARCIA**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 24186-13
HONORABLE SHARON D. WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney**
**Fourteenth Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ryan Crenna Garcia**

**EZELL, Judge.**

The defendant, Ryan Crenna Garcia, was charged by indictment filed on October 3, 2013, with aggravated rape, a violation of La.R.S. 14:42, and failure to register as a sex offender, a violation of La.R.S. 15:542.1.4(A)(1). The Defendant entered a plea of not guilty on October 21, 2013.

On June 17, 2014, the aggravated rape charge was amended to indecent behavior with a juvenile, La.R.S. 14:81, wherein the victim was under the age of thirteen, and the remaining charge was dismissed. The defendant then entered a plea of guilty to indecent behavior with a juvenile. On October 10, 2014, the defendant was sentenced to serve ten years at hard labor. A motion to reconsider sentence was filed on November 10, 2014. After a hearing held on March 25, 2015, the motion was denied.

A motion for appeal was filed on March 25, 2015, and was subsequently granted. The defendant is now before this court asserting one assignment of error, that his sentence is excessive. We find no merit to defendant's claim.

## FACTS

The State set forth the following factual basis at the time the defendant entered his plea:

> If called to trial, the State would show that the defendant, Ryan Garcia, on or about May 15th, 2013, committed the offense of indecent behavior with a juvenile involving a victim whose initials are "L.H.," date of birth February 14th, 2003.
>
> The victim engaged in sexual acts with the 19-year-old female who is the defendant's codefendant in this matter and his stepdaughter or girlfriend at this point.
>
> The victim went into the home of the defendant at 2808 Church Street here in Lake Charles. At some point the victim and the 19-year-old female ended up in the bedroom. The defendant passes by and

sees them, and at that point he begins to make or instruct the minor victim in how to engage in sexual acts with this 19-year-old girl.

The State asserts the victim was nine years old at that time.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

Louisiana Revised Statutes 14:81(H)(2) requires at least two years of a sentence for indecent behavior with a juvenile to be imposed without the benefit of parole, probation, or suspension of sentence. The trial judge failed to impose any portion of the sentence without benefits; thus, the defendant's sentence is illegally lenient. *State v. Sanmiguel*, 626 So.2d 957 (La.App. 3 Cir. 1993), *State v. Jones*, 02-1176 (La.App. 3 Cir. 2/5/03), 839 So.2d 439, *writ denied*, 03-886 (La. 11/7/03), 857 So.2d 516. This court will not address an illegally lenient sentence unless it is raised as error. *State v. Perkins*, 13-245 (La.App. 3 Cir. 11/6/13), 124 So.3d 605.

## ASSIGNMENT OF ERROR

In his only assignment of error, the defendant contends the ten-year sentence imposed in this case is excessive for this fifty-year-old offender whose admitted criminal conduct is that he walked by after the rape of a young child by another and made inappropriate comments.

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court

must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261 (alteration in original).

The defendant pled guilty to indecent behavior with a juvenile under the age of thirteen, which is punishable by imprisonment at hard labor for not less than two nor more than twenty-five years, with at least two years of the sentence to be

served without benefits.  The trial court sentenced the defendant to serve ten years at hard labor.

Prior to imposing sentence, the trial court reviewed the presentence investigation report (PSI), a letter from the defendant's adoptive father, and a written objection from defense counsel.  The trial court stated:

> According to this, your offender class is that you are a third felony offender.
>
> Considering all the factors that the Court is called upon to consider that relate to aggravating and mitigating factors concerning sentencing, I think, based on what I've read, that you probably pled to the appropriate charge, based on what the State is alleging your conduct is. I understand that you thought this was in your best interest, but did not feel that you had committed a crime. But I do think that that's probably the appropriate charge, is the charge to which you pled.
>
> Having said that, sir, considering your record, it is the sentence of this Court that you are to serve ten years with the Department of Public Safety and Corrections.

The PSI indicated the defendant was convicted of simple burglary in 1983, four counts of simple burglary in 1984, burglary in 1997, and lewd or lascivious molesting/conduct/exhibition against a child in 2003.  His criminal record was further discussed as follows:

> Garcia was placed on three (3) years probation in the Fifteenth Judicial District Court beginning June 27, 1983, for Simple Burglary after a three (3) year Louisiana Department of Corrections sentence was suspended.  On March 5, 1984, the probation was revoked.  Upon being released to parole supervision, Garcia absconded supervision resulting in the parole being revoked.  Upon his release to parole by the Florida Department of Corrections for the felony convictions detailed in the criminal history section, Garcia transferred his supervision to Louisiana.  He arrived on March 24, 2009, and courtesy supervision was conducted by the Lake Charles District of Probation and Parole until Garcia successfully completed the parole on April 27, 2010.

The PSI contained the following summary:

> According to his criminal history records in the states of Florida and Louisiana, the instant offense causes Garcia to be classified as a fifth felony offender. Records on two (2) Simple Burglary convictions in the 31st Judicial District from the early 1980's [sic] are somewhat unclear, therefore it is possible Garcia is technically a multiple fourth offender. Either offender class causes Garcia to not be eligible for a probated sentence in the instant offense.

Despite the summary classification of the Defendant as a fourth offender, the first page of the report listed him as a third offender.

> The PSI discussed the Defendant's social background as follows:

> Ryan Crenna Garcia is a forty-eight (48) year old black male with a date of birth of September 19, 1965. Garcia was raised in the Jennings, Louisiana, area where he attended public school until being expelled while in the 9th grade. Garcia claims following his expulsion, he attended a local vocational-technical school where he was trained in Culinary Arts and welding. He claims to have worked in the culinary arts arena for most of his adult life when not incarcerated. Garcia claims to have received social security disability income for approximately the past three (3) years due to a variety of medical issues. Garcia claims to have been married and divorced three (3) times. He stated he has two (2) daughters, ages nineteen (19) and seventeen (17), whom he has not had any contact with for the past thirteen (13) years. Garcia claimed no child support has ever been ordered due to the extensive time he has been incarcerated as an adult. He claims his daughters, to the best of his knowledge, are residents of the state of Maine. Initially, Garcia claimed to be an alcoholic but not a user of illegal drugs. Later during the interview, he stated he used Marijuana on a regular basis. He stated he has never been involved in any substance abuse treatment programs.

Defense counsel objected to a portion of the contents of the PSI. In his written objection, defense counsel stated the "Official Statement" portion of the PSI was an uncritical restatement or repetition of the information in the Lake Charles police report. Defense counsel's complaints referred to the practice of repeating such information when the "evidence produced in discovery fail[ed] to support the initial allegations of a child who had no appreciation of the truth or its importance in the matter." Defense counsel noted the victim was never placed

under oath in a court setting or under cross-examination and did not give a statement for the PSI. Defense counsel argued the "Official Statement" was wholly unreliable and should be rejected as "bearing little or none of the real truth of what occurred." Defense counsel complained there was no victim impact statement in the PSI, as attempts to contact the victim failed. Defense counsel then discussed the interrogation of the co-defendant and her statements that the defendant was not involved in the sex act between herself and the victim. Defense counsel then noted that the co-defendant eventually stated the defendant passed through her bedroom and verbally encouraged the victim.

At the hearing on the motion to reconsider sentence, the trial court stated:

> I didn't take into consideration what you were charged with. I took into consideration what you were convicted of and what your prior history was. Your prior history is that you are a convicted sex offender. I did not take into consideration whether or not you were guilty of a failure to register. Because as far as I'm concerned, you were not guilty of it. It was dismissed. That was not something that would have been appropriate for me to consider in sentencing. However, a ten-year sentence on someone who is a second time sex offender I think is inappropriate [sic] sentence and that's why I meted out that sentence and I stand by the sentence . . . .

The defendant contends he was sentenced to ten years for walking by the bedroom where a sex offense was committed by another and making inappropriate comments after the perpetrator had already engaged in sexual intercourse with the nine-year-old victim. The defendant notes his prior crimes are property crimes, except for the sex offense he was convicted of in Florida in 2003. The defendant contends he is almost fifty years old, walks with a cane, takes daily medication, and has the support of his adoptive father. The defendant argues that considering these factors, as well as the fact that he accepted responsibility for his actions by pleading guilty, a ten-year sentence is excessive.

In support of his argument, the defendant cites *State v. Free*, 26,267 (La.App. 2 Cir. 9/21/94), 643 So.2d 767, *writ denied*, 94-2846 (La. 3/10/95), 650 So.2d 1175; *State v. Porter*, 29,638 (La.App. 2 Cir. 9/24/97), 700 So.2d 1058, *writ denied*, 97-2674 (La. 2/13/98), 706 So.2d 993; *State v. Whatley*, 06-316 (La.App. 3 Cir. 11/2/06), 943 So.2d 601, *writ denied*, 06-2826 (La. 8/31/07), 962 So.2d 424; *State v. Kirsch*, 02-993 (La.App. 1 Cir. 12/20/02), 836 So.2d 390, *writ denied*, 03-238 (La. 9/5/03), 852 So.2d 1024; *State v. Armstrong*, 29,942 (La.App. 2 Cir. 10/29/97), 701 So.2d 1350; and *State v. Taylor*, 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336. We find these cases are not comparable to the case at bar, as they occurred prior to the amendment to La.R.S. 14:81 that became effective August 15, 2006, and created a separate penalty for indecent behavior involving victims under the age of thirteen.

The PSI and the state's brief contain factual information that was not presented at the time the defendant entered his plea, and defense counsel objected to the contents of the PSI. In *State v. Brown*, 602 So.2d 252 (La.App. 2 Cir. 1992), the defendant argued that consideration of facts gleaned from the PSI prepared in his co-defendant's case was error. At the plea hearing in that case, the state recited a brief version of the facts of the case. On remand, the trial court noted facts in addition to those presented at the plea hearing. Brown argued that his sentence on the second count would have been less than eighteen years if the court had considered only the facts adduced at his guilty plea hearing. The second circuit found the trial court did not err in considering the more detailed version of the events of the crimes, none of which Brown claimed were in error.

Because defense counsel filed a written objection to the PSI, this court will not consider the additional facts alleged in the PSI or those set forth by the State in

its brief to this court. The state had the opportunity to present the facts to the trial court at the time the defendant entered his plea and chose not to present all of the information set forth in the PSI and its appellate brief.

Moreover, the defendant contends any remarks made by him to L.H. were made after the sexual act between O'Brien and L.H. was complete. The facts set forth by the state at the time the plea was entered do not indicate at what point in time the comments were made.

Information regarding the defendant's medical condition was not presented to the trial court at the time of sentencing, was not contained in the PSI, and was not raised in the defendant's motion to reconsider sentence. Thus, that information should not be considered by this court. La.Code Crim.P. art. 881.1(E); Uniform Rules—Courts of Appeal, Rule 1-3.

After extensive research, this court can find no cases wherein a comment or remark formed the basis of a plea to indecent behavior with a juvenile. However, in *State v. Mansell*, 43,899 (La.App. 2 Cir. 2/25/09), 4 So.3d 277, the defendant was charged with four counts of indecent behavior with a juvenile under the age of thirteen. He pled guilty to one count, and the remaining counts were dismissed. The defendant was sentenced to twelve years at hard labor, with the first two years to be served without benefits. The opinion did not set forth the facts of the offense other than to state that the conduct happened repeatedly and for an extended period of time. The second circuit affirmed the defendant's sentence despite the fact that the defendant was a first offender.

Here, the defendant received a substantial benefit when the State dismissed the charge of failure to register as a sex offender, which is punishable by a fine of not more than one thousand dollars and imprisonment with hard labor for not less

than two years nor more than ten years without benefit of parole, probation, or suspension of sentence. La.R.S. 542.1.4(A)(1). Although the defendant's conviction was based on the fact that he made inappropriate comments to the victim, the legislature chose to criminalize such activity in 2009. *See* 2009 La. Acts No. 198. The defendant has a prior conviction for a sexual offense and is considered a third felony offender. Based on the defendant's criminal history, we cannot say the defendant's sentence is excessive.

## DECREE

The defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.