Judgment rendered April 5, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,952-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

RONNIE GLENN MILSTEAD                        Appellant

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court No. 44919

Honorable Anastasia Stacy Winn, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Peggy J. Sullivan

RICHARD CHRISTOPHER NEVILS             Counsel for Appellee
District Attorney

STEVEN D. CREWS
COLE B. SMITH
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and HUNTER, JJ.

**STONE, J.**

## FACTS AND PROCEDURAL HISTORY

This criminal appeal arises from the Eighth Judicial District Court, the Honorable Anastasia Wiley presiding. The defendant-appellant, Ronnie G. Milstead ("Milstead"), was caught on video having sex with a dog that lived in his household. After a jury trial, he was convicted of one count of sexual abuse of an animal in violation of La. R.S. 14:89.3 and was sentenced the maximum term allowed under that statute – five years of incarceration. The trial court ordered that the sentence be served without hard labor. At sentencing, the trial court indicated that it had studied the presentence investigation report, and specifically noted that there were the following additional charges pending against Milstead: (1) first-degree rape (victim under 13 years of age); and (2) crime against nature (sexual intercourse with a close biological relative). The trial court also noted that the canine victim was particularly vulnerable or incapable of resistance. In this appeal, Milstead asserts that his maximum-length sentence is constitutionally excessive.

## DISCUSSION

La. R.S. 14:89.3(D)(1)(A), the penalty provision under which Milstead was sentenced, states:

> [W]hoever commits the offense of sexual abuse of an animal shall be fined not more than two thousand dollars, imprisoned, with or without hard labor, for not more than five years, or both.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v.*

*Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711.   First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1.  The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.  The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article.  *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation.  *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Croskey, supra*.  There is no requirement that specific matters be given any particular weight at sentencing. *Croskey, supra.*

Second, the court must determine whether the sentence is constitutionally excessive.  *Id.*  Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice.  A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering.  A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice.  *Id.*; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La.

2

12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Vanhorn, supra.* A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Croskey, supra.* Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Vanhorn, supra.*

As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the law and the worst type of offender. *State v. Jarrett, 37, 928 (La. App. 2 Cir. 12/10/03), 862 So.2d 440.*

It is well established that the sentencing court may consider other charges pending against the defendant at the time of sentencing. La. C.Cr.P. art. 875; *State v. Hatter*, 338 So. 2d 100 (La. 1976) ("[I]t is clear that a trial judge may consider evidence of other offenses in determining sentence"); *State v. Anderson*, 30,060 (La. App. 2 Cir. 10/29/97), 702 So.2d 40 ("For purposes of sentencing, the court may draw from sources beyond mere convictions…The court may consider prior arrests, and suspicions of criminal activity without actual proof the defendant committed the other offenses"). Recently, in *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031, this court stated:

> In selecting a proper sentence for a criminal defendant, a
> trial judge is not limited to considering only prior
> convictions and may review all evidence of prior criminal
> activity. When evaluating a defendant's criminal history,

> trial courts may consider evidence at sentencing that would otherwise be inadmissible at trial. For example, the trial court may consider records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were *nolle prossed*. (Internal citations omitted).

*State v. Dale*, *supra*, at n.3.

The defendant's maximum sentence is within constitutional bounds and is supported by the record. The record reflects that the trial court adequately considered the La. C.Cr.P. art. 894.1 sentencing factors. The trial court, in sentencing Milstead for having sexual intercourse with a dog, was entitled to place substantial weight on Milstead's pending charges of first degree rape and crime against nature. These other charges support a finding that Milstead is the worst type of offender—a pervert among perverts— for purposes of sentencing in this case. Milstead's assignment of error lacks merit and is rejected.

## CONCLUSION

Ronnie Glenn Milstead's conviction and sentence are **AFFIRMED**.