853 So.2d 746 (2003)
STATE of Louisiana, Appellant,
v.
Melissa WALKER, Appellee.
No. 37,493-KA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 2003.
Rehearing Denied September 18, 2003.
*747 McKeithen, Ryland & Champagne, by Dina F. Domangue, for Appellee.
Iley Evans, District Attorney, Kathleen Peterson, Assistant Attorney General for Appellant.
Before BROWN, GASKINS and DREW, JJ.
GASKINS, J.
The state appeals a decision by the trial court granting a motion to quash the bill of information against the defendant, Melissa Walker, charging her with being a principal to the offense of cruelty to the infirm.[1] For the following reasons, we affirm.

FACTS
On May 9, 2001, an employee of the Lakeview Community Group Home, a facility for mentally disabled individuals, noticed bruises on one of the residents. An investigation revealed that another employee at Lakeview, Frederick Broadnax, Jr., inflicted the injuries. On December 12, 2001, a bill of information was filed, charging Broadnax with cruelty to the infirm.
On April 26, 2002, approximately one year after the incident, the bill of information was amended to add Walker as a co-defendant. Walker was also an employee at the facility. The amended bill of information specified that Broadnax took the victim into the victim's bedroom, cursed the victim, and intentionally struck the victim on the buttocks with a long, wooden board, all of which was "witnessed by defendant Walker," which injury caused the victim unjustifiable pain and suffering and/or which conduct amounted to a gross deviation below the standard of care expected to be maintained by reasonably prudent caregivers under like circumstances, in violation of La. R.S. 14:93.3 and La. R.S. 14:24.[2]
On September 10, 2002, Walker filed a motion to quash the bill of information, arguing that she was charged only with "witnessing" the attack by Broadnax on the victim. She argued that merely witnessing a crime is not an offense punishable under a valid statute, and therefore, she was not a principal to the offense of cruelty to the infirm. She also filed a motion to sever the offenses and to hold a preliminary examination.
*748 A hearing on the pending motions was held on October 21, 2001. On December 20, 2002, the trial court granted the motion to quash, finding that Walker was charged only with witnessing the beating and that no prosecutable crime was charged. Regarding the evidence adduced on the preliminary examination, the court found that there was no probable cause to show that Walker committed the offense of cruelty to the infirm or was a principal to that offense. Walker was relieved of her bail obligation.[3] The state appealed the trial court's ruling.

MOTION TO QUASH
The state contends that the trial court erred in granting the motion to quash. It asserts that the amended bill charges Walker with a prosecutable crime, and that it contained enough details by which a trier of fact could determine whether the facts alleged constituted a crime. The state maintains that the charge justifies proceeding to trial, enables Walker to prepare her defense, and protects against double jeopardy from a future prosecution on the same criminal allegation. According to the state, Walker was successful in getting the trial court to rule on the merits of the case without the benefit of trial, by claiming that, as a mere witness, she was not guilty of cruelty to the infirm. Therefore, the state contends that the trial court erred in granting Walker's motion to quash.
The time for testing the sufficiency of an indictment or bill of information is before trial by way of a motion to quash or an application for a bill of particulars. If the indictment does not charge a valid offense, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash. A motion to quash may be based on the ground that the indictment fails to charge an offense which is punishable by a valid statute. La. C. Cr. P. art. 532; State v. Legendre, 362 So.2d 570 (La.1978).[4]
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La. C. Cr. P. art. 531-534; State v. Perez, 464 So.2d 737 (La.1985); State v. Thomas, 28,790 (La.App.2d Cir.10/30/96), 683 So.2d 1272, writ denied, 96-2844 (La.4/25/97), 692 So.2d 1081. In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Thomas, supra.
The court shall order the defendant discharged from custody or bail, as to that charge, when it sustains a motion to quash based upon the ground that the offense is not punishable by a valid statute. La. C. Cr. P. art. 538.
The Louisiana constitution provides that "[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." La. Const. art. 1, § 13. In this matter, the defendant was charged with cruelty to the infirm. La. C. Cr. P. art. 465 provides specific *749 indictment forms for some offenses. However, cruelty to the infirm is not listed in those offenses. Therefore, the state was required to follow La. C. Cr. P. art. 463, which sets forth the form for a bill of information:
The information may be in substantially the following form: In the (Here state the name of the court.) on the ____ day of____, 19---. State of Louisiana v. A.B. (Here state the name or description of the accused.). X.Y., District Attorney for the Parish of____, charges that A.B. (Here state the name or description of the accused.) committed the offense of____, in that (Here set forth the offense and transaction according to the rules stated in this Title. The particulars of the offense may be added with a view to avoiding the necessity for a bill of particulars.) contrary to the law of the state of Louisiana and against the peace and dignity of the same.
La. C. Cr. P. art. 464 provides that the indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. The indictment must contain all the elements of the crime intended to be charged in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence which is submitted upon the trial, to impose the correct punishment on a guilty verdict, and to afford the defendant protection from double jeopardy. State v. Finch, 31,888 (La.App.2d Cir.5/5/99), 733 So.2d 716. See also State v. Valentine, 565 So.2d 511 (La.App. 2d Cir.1990).
Cruelty to the infirm is defined in La. R.S. 14:93.3 which provides in pertinent part:
A. Cruelty to the infirmed is the intentional or criminally negligent mistreatment or neglect by any person, including a caregiver, whereby unjustifiable pain, malnourishment, or suffering is caused to the infirmed, a disabled adult, or an aged person, including but not limited to a person who is a resident of a nursing home, mental retardation facility, mental health facility, hospital, or other residential facility.
B. "Caregiver" is defined as any person or persons who temporarily or permanently is responsible for the care of the infirmed, physically or mentally disabled adult, or aged person, whether such care is voluntarily assumed or is assigned. Caregiver includes but is not limited to adult children, parents, relatives, neighbors, daycare institutions and facilities, adult congregate living facilities, and nursing homes which or who have voluntarily assumed or been assigned the care of an aged or infirmed person or disabled adult, or have assumed voluntary residence with an aged or infirmed person or disabled adult.
Regarding principals, La. R.S. 14:24 provides:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
Only those persons who knowingly participate in the planning and/or execution of a crime are principals. Mere presence at the scene is not enough to "concern" an individual in a crime. Moreover, a person may only be convicted as a principal for the crimes for which he personally has the requisite mental state. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427.
*750 The elements of cruelty to the infirm include: (1) intentional or criminally negligent mistreatment or neglect; (2) by any person, including a caregiver; (3) whereby unjustifiable pain, malnourishment, or suffering; (4) is caused to the infirm, a disabled adult, or an aged person. To be a principal to a crime, La. R.S. 14:24 requires that an offender be "concerned in the commission" of the crime, (1) whether present or absent; and (2) whether they directly commit the act constituting the offense; (3) aid or abet in its commission; or (4) directly or indirectly counsel or procure another to commit the crime. The bill of information in this case charges the following:
Frederick "Fred" Broadnax, Jr. and Melissa Walker, defendants herein, while employed in the course and scope of their supervisory duties at the Lakeview Community Home, Columbia, Louisiana, a mental retardation facility which is required to be licensed and operated under the laws of the State of Louisiana, committed the offence of cruelty to the infirm, in violation of La. R.S. 14:93.3 and La. R.S. 14:24 to wit:
Defendants Frederick "Fred" Broadnax, Jr. and Melissa Walker, knowingly and intentionally and/or through criminally negligent mistreatment and neglect, committed cruelty upon [victim], D.O.B. 9/27/76, a mentally disabled resident of the facility by defendant Broadnax taking the victim into the victim's bedroom, cursing the victim and intentionally striking the victim on the buttocks with a long, wooden board, all of which was witnessed by defendant Walker, which injury caused the victim unjustifiable pain and suffering and/or which conduct amounted to a gross deviation below the standard of care expected to be maintained by reasonably prudent caregivers under like circumstances, in violation of La. R.S. 14:93.3 and La. R.S. 14:24, contrary to the law of the State of Louisiana and against the peace and dignity of the same.
While the bill of information states that Walker along with Broadnax committed cruelty to the infirm, the statement of essential facts does not set forth that Walker committed any of the essential elements of that offense or that she was concerned in the commission of the offense. The bill of information charges only that the defendant witnessed the offense committed by Broadnax.
The state reasoned that at trial it must show that the defendant possessed the requisite criminal intent to commit cruelty to the infirm. Further, the state acknowledged that an offender's mere presence at the scene of a crime was not sufficient evidence standing alone to make one a principal to the criminal acts of a co-defendant. However, according to the state, it is sufficient if the principal is standing by at the scene of a crime ready to give some aid, if needed, if the principal is actually aware of the co-defendant's intent. The state contended that the bill of information in this case alleges the necessary elements of a crime, which if committed by the defendant, constituted a criminal offense. According to the state, witnessing the beating while possessing the same criminal intent as Broadnax is sufficient.[5]
The trial court was required to determine from the face of the pleadings whether *751 the bill of information charged Walker with conduct constituting a criminal offense. The state charged Walker only with witnessing the offense committed by Broadnax. The charge of simply witnessing an offense by another does not constitute the intentional or criminally negligent mistreatment or neglect of the victim. The prosecution did not allege that the defendant actively participated in the offense, that she had a duty to intervene on behalf of the victim, or a duty to report the abuse, and that she failed in that respect.
In defending against the motion to quash, the state contends that witnessing the offense makes Walker a principal to the offense. The bill of information does not allege that Walker directly committed, aided and abetted, or directly or indirectly procured another to commit the crime of cruelty to the infirm.
Simply stated, the prosecution alleged only that Walker witnessed the offense committed by Broadnax. The act of witnessing an offense is not a crime. The bill of information against Walker in this case does not state the essential facts necessary to describe the offense charged. Based upon the pleadings in this case, the trial court correctly granted the motion to quash the bill of information against Walker due to the state's failure to properly charge her with a criminal offense.[6]

PRELIMINARY EXAMINATION
The state argues that the trial court abused its discretion by finding that, at the preliminary examination, the state failed to produce sufficient evidence linking Walker with the crime of principal to cruelty to the infirm. According to the state, sufficient evidence to establish probable cause was presented and therefore, the trial court should have continued Walker's bond obligation.
Because in this matter we find that the trial court correctly quashed the bill of information charging the defendant with cruelty to the infirm, we pretermit as unnecessary any discussion of the preliminary examination.

CONCLUSION
For the reasons stated above, we affirm the ruling of the trial court granting a motion to quash the bill of information against the defendant, Melissa Walker.
AFFIRMED.
BROWN, C.J., dissents with written reasons.
BROWN, C.J., Dissenting.
The bill of information could have been more clearly written. However, it does charge that "Melissa Walker (while employed in the course and scope of her supervisory duties) ... through ... neglect committed cruelty upon ... a mentally disabled resident ..." by witnessing Broadnax's specified acts.
*752 A supervisor who watches another employee abuse a mentally disabled resident without intervention would be guilty of neglect. I respectfully dissent.

APPLICATION FOR REHEARING
Before BROWN, C.J., GASKINS, CARAWAY, DREW, and MOORE, JJ.
Rehearing denied.
BROWN, C.J., and CARAWAY, J., would grant rehearing.
NOTES
[1] La. R.S. 14:93.3 specifies that the offense is "cruelty to the infirmed." We note that this offense, as "cruelty to the infirm," was added by Acts 1981, No. 850, § 1. In the 1994 amendment, "infirmed" was substituted for "infirm." Acts 1995, No. 841 § 1 and No. 883, § 1 amended the section and "infirm" was substituted for "infirmed." Also in 1995, pursuant to the statutory revision authority of the Louisiana Law Institute, "infirmed" was again substituted for "infirm." Examination of numerous dictionaries indicates that "infirm" is the preferred term.
[2] According to the minutes in this matter, on January 28, 2003, another amended bill of information was filed charging only Frederick Broadnax, Jr. with cruelty to the infirm. On January 29, 2003, he was convicted by a jury of attempted cruelty to the infirm.
[3] The trial court judgment reflects that Walker withdrew her motion to sever.
[4] La. C. Cr. P. art. 532 provides in pertinent part:

A motion to quash may be based on one or more of the following grounds: (1) The indictment fails to charge an offense which is punishable under a valid statute.
[5] Walker argues that, only at the hearing on the motion to quash did the state present the contention that the victim and other residents indicated that Walker was involved in the offense. The trial court also conducted a preliminary examination in conjunction with the motion to quash. At the hearing, an investigator for the prosecution stated that two residents of the facility and the victim said that Walker entered the victim's room with Broadnax and was present while Broadnax beat the victim. They also said that Walker later asked the victim, "How did that feel?" or "Did that feel good?" According to Walker, the statements were not included in the materials furnished by the state during open file discovery, including the notes of the investigator. Walker claimed that this information was first made known at the hearing.
[6] We note that, under La. C. Cr. P. art. 572, the state has four years from the date of the commission of an offense that is punishable with or without hard labor to institute prosecution. Even though we affirm the grant of the motion to quash, under La. C. Cr. P. art. 576, if the prosecution is able to draft a bill of information which validly charges Walker with a crime, it may be possible to reinstitute prosecution.