LINDSAY, Judge.
The defendant, Elton Minnifield, was convicted of distribution of marijuana in violation of LSA-R.S. 40:966. Defendant appealed his conviction and sentence, alleging trial court error in denying his motion for mistrial based upon prosecutorial references to other crimes and vouching for the credibility of a witness for the State. He also alleges that there was insufficient evidence to support a conviction, and that his sentence of six years at hard labor was excessive. We affirm the defendant’s conviction and sentence for the following reasons.
On April 1,1982, Louisiana State Trooper Henry Whitehorn was involved in an undercover narcotics investigation in the Ruston area. Whitehorn went to Vaughn Street in Ruston to attempt to make drug purchases. Whitehorn contacted several men at that location, one of whom indicated a person named “Pig” could supply Whitehorn with drugs. The individual pointed out a red pickup truck and identified the driver of that truck as “Pig,” a black male with distinctive teeth. Whitehorn approached the driver and inquired as to whether he could supply Whitehorn with marijuana. The person replied affirmatively and left the scene. He returned in approximately 15 minutes with a bag of what purported to be marijuana which he sold to Whitehorn for $25. Local law enforcement officials submitted the bag to the North Louisiana Crime Lab where it was analyzed and determined to be marijuana. Whitehorn looked through photographs on file with Lincoln Parish law enforcement officials, and determined the driver of the truck to be the defendant, Elton Minnifield. On September 12,1983, defendant was indicted by the Lincoln Parish Grand Jury for distribution of marijuana in violation of LSA-R.S. 40:966. On November 7,1984, defendant was tried before a jury and found guilty as charged. On December 14, 1984, defendant was sentenced to serve six years at hard labor and to pay a fine of $1,000, the sentence to be served consecutively with any other sentence imposed by the court. The defendant appealed his conviction and sentence, urging three assignments of error.
First, defendant alleges the trial court erred in denying his motion for mistrial. During the prosecutor’s closing argument, he referred to Trooper Whitehorn’s testimony about the location of Vaughn Street. The prosecutor then made a reference to having seen the name Vaughn Street come up in several cases. The defendant objected to this as an improper reference to other crimes. The trial court admonished the jury not to consider other cases. As the prosecutor continued, defendant renewed his objection. The jury was removed and counsel was allowed to argue the point. The prosecutor indicated that he was attempting to explain why Whitehorn was having difficulty giving directions to Vaughn Street and did not intend an improper reference to other drug cases occurring on Vaughn Street, but was merely referring to the geography of the area. The trial court denied defendant’s motion for mistrial and on defense counsel’s request, did not give an additional admonishment to the jury.
Although resort to personal experience goes beyond the proper scope of a closing argument, before a case will be reversed on this basis it must be shown that the remarks influenced the jury and contributed to the verdict. State v. Carthan, 377 So.2d 308 (La.1979). State v. Barrow, 410 So.2d 1070 (La.1982) U.S. cert denied 459 U.S. 852, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982); LSA-C.Cr.P. Art. 774. *110 In this case, although the prosecutor’s remarks concerning Vaughn Street referred to his personal experience, there is no showing that these remarks influenced the jury or contributed to the verdict.
Also, the prosecutor, during his closing argument, sought to explain why Whitehorn was not under surveillance during the drug buy. The defendant did not make a contemporaneous objection to these remarks, but in his appellate brief urges that the prosecutor was improperly vouching for the credibility of the State’s witness. Because no contemporaneous objection was made at the trial, defendant’s objection cannot be considered. LSA-C. Cr.P. Art. 841. Even if this argument were properly before the court, it would not be grounds for a new trial. This portion of the argument was based upon evidence in the record concerning surveillance procedures employed by law enforcement officers in the use of informants and undercover police officers in drug investigations. Ruston Police Officer Randal Hermes testified that there was a distinction between the use of informants and police officers with regard to surveillance during undercover investigations. Therefore, the defendant’s contentions regarding improper prosecutorial statements in closing argument are without merit.
Defendant next argues that no rational trier of fact could have found him guilty beyond a reasonable doubt on the basis of the evidence presented at trial. The defendant claims that the alleged offense was a total fabrication on the part of Trooper Whitehorn and that he never sold any marijuana to Whitehorn. In support of this contention defendant cites the four day delay in submission of the alleged marijuana to the Crime Lab for analysis, the fact that the police report was dated more than one month after the alleged date of the offense, the fact that Trooper Whitehorn was unable to give a complete description of the defendant’s appearance at the time of the alleged drug transaction, and the fact that Whitehorn was the sole witness to the drug transaction.
The evidence at the trial showed that Whitehorn bought the marijuana from the defendant and later positively identified him as Elton Minnifield from photographs on file with Lincoln Parish law enforcement officials. The evidence also showed that the defendant, at the time of the drug transaction, was seated in a truck, accounting for Whitehorn’s inability to estimate the height, weight or clothing the defendant was wearing at the time of the transaction. The substance that Whitehorn bought from the defendant was sent to the Crime Lab where it was analyzed and determined to be marijuana. The police report filed by Whitehorn was sent to Alexandria to be typed, accounting for the fact that the report was dated approximately one month after the date of the offense. The fact that Trooper Whitehorn was the sole witness to the transaction was explained by the testimony of Officer Hermes that during drug investigations his department generally employed surveillance with informants, but not police officers.
In essence, defendant argues that Trooper Whitehorn is the sole witness to the drug transaction, that Whitehorn is not to be believed, and therefore there is insufficient evidence upon which to base his conviction. However, Whitehorn’s credibility is a matter to be weighed by the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). This weighing of credibility by the trier of fact will not be reweighed when reviewed by the appellate court. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Jacobs, 435 So.2d 1014 (La.App. 1st Cir.1983); State v. Foy 439 So.2d 433 (La.1983).
In examining whether there is sufficient evidence upon which to base a conviction, the court must determine whether, after viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed 2d 560 (1979); State v. Young, 426 So.2d 370 (La.App.2d Cir. 1983). Under LSA-R.S. 40:966, it is unlaw *111 ful to knowingly or intentionally distribute marijuana. In this case the jury had before it the testimony of Trooper Whitehorn indicating this defendant was asked to supply marijuana, left the scene, returned with marijuana and sold it to Whitehorn in exchange for $25. The evidence also included the crime lab report establishing that the substance the defendant sold to Whitehorn was in fact marijuana. Further, the jury obviously chose to believe and give credibility to the testimony of Trooper Whitehorn.
In viewing all the evidence in this case in the light most favorable to the prosecution, it is clear that a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Therefore, this assignment of error is without merit.
Finally, defendant contends that the trial court imposed an excessive and disproportionate sentence upon this defendant. The defendant was sentenced to serve six years at hard labor. The maximum possible sentence for distribution of marijuana is ten years at hard labor. LSA-R.S. 40:966(B)(2).
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983) writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir. 1983) writ denied, 438 So.2d 1112 (La.1983); State v. Smith, 433 So.2d 688 (La.1983).
Under Article 1, Section 20 of the Louisiana Constitution of 1974, a sentence is excessive if it is grossly out of proportion to the. severity of the crime or if it is nothing more than the needless and purposeless imposition of pain and suffering. State v. Howard, 414 So.2d 1210 (La.1982); State v. Brooks, supra.
The sentencing transcript in this case indicates a more than satisfactory compliance with the requirements of LSA-C.Cr.P. Art. 894.1, and also shows that the sentence is not out of proportion to the severity of the crime. The court enumerated an extensive list of aggravating circumstances which were present in this case. The defendant has an extensive history of involvement in criminal activity. In addition to convictions for numerous traffic offenses, the court noted the defendant was arrested in Arkansas for two counts of burglary and two counts of theft and has been convicted twice in Louisiana for theft, once for simple battery, twice for disturbing the peace and once for possession of marijuana. Defendant was also arrested for possession of marijuana on another occasion that did not result in a conviction. Further, at a pre-trial hearing, police officers testified that defendant’s name had been connected with extensive drug trafficking in Lincoln Parish since 1981.
The court found defendant showed no remorse for having committed the present offense and found that defendant was not a proper candidate for a suspended or probated sentence, was in need of supervision in the kind of institutional environment provided by incarceration, and that the imposition of a sentence of incarceration for less than six years would deprecate the seriousness of the offense. In addition the trial court found that defendant did not act under strong provocation in committing this offense.
In mitigation, the court considered the fact that the criminal conduct in making a drug sale to an undercover police officer in *112 this instance did not threaten serious harm. However, the court noted that defendant could not have known that fact at the time this offense occurred. The court also considered that defendant had one minor child, but noted that it was not shown whether defendent provided for its support. Finally, the court noted there was no indication that imprisonment would impose a physical or psychological hardship on this defendant.
The record clearly supports the finding that the sentence imposed by the court is not out of proportion to the severity of the offense nor is it a needless imposition of pain and suffering.
For these reasons, the conviction and sentence of the defendant, Elton Minni-field, are affirmed.