DREW, J.
| ] Leon Williams was convicted at jury trial for possession of cocaine.[1] He was sentenced to five years at hard labor, consecutive with any other sentence. He appeals his conviction and sentence. We affirm.
FACTS
On December 12, 2006, Lucille Ferguson, working as a confidential informant (“Cl”) for Lt. Dan Weaver of the Minden Police Department, telephoned the defendant to arrange a $100 purchase of crack cocaine. The defendant met Ferguson in the parking lot of the Sheppard Heights Apartments. She entered the defendant’s car, and he showed her his drugs. She then called Weaver to let him know that The defendant was in possession of cocaine.[2]
Lt. Weaver testified that:
*223 • he had set up surveillance at the apartment complex;
• the defendant turned onto the property without giving a signal;
• he saw several people approach the defendant’s vehicle;
• the Cl then approached and entered the defendant’s vehicle;
• the Cl left the car and called him to tell him about seeing the cocaine;
• the defendant apparently saw Weaver and drove off at a fast speed;
• he activated the lights on his unmarked vehicle;
12* the defendant exited his car and ran to the apartment building;
• he was in close pursuit, “hollering” for the defendant to stop;
• he arrested the defendant in the backyard of the apartments;
• the defendant had left his car door open; and
• he saw a substance on the door handle of defendant’s car which field-tested as cocaine.[3]
DISCUSSION

Prosecutor’s Closing Argument

The defendant contends that during closing arguments, the prosecutor improperly vouched for the credibility of two state witnesses, and further vouched that he was guilty based on the prosecutor’s personal knowledge.[4]
La. C. Cr. P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841.
The contemporaneous objection rule applies to claims that the prosecutor made an improper closing argument. State v. Taylor, 98-2201 (La.2/28/96), 669 So.2d 864, cert. denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996).
| ^Commenting on the credibility of a witnesses can be proper and within the scope of closing argument. See State v. Lawrence, 40,278 (La.App.2d Cir.3/15/06), 925 So.2d 727.
Although references to personal experiences go beyond the proper scope of a closing argument, before a case will be reversed on this basis, it must be shown that the remarks influenced the jury and contributed to the verdict. State v. Car-than, 377 So.2d 308 (La.1979); State v. Minnifield, 475 So.2d 108 (La.App. 2d Cir.1985).
Williams acknowledges the failure to object to the prosecutor’s closing arguments. Accordingly, this issue is not properly preserved for appellate review. Assuming arguendo that Williams had preserved this claim for review, our analy *224 sis still finds that this issue still lacks merit.
Williams objects to five statements of the prosecutor.[5]
[/The prosecutor did make improper and personal references to his relationships with Lt. Weaver, and with the family of the Cl. Even had objections been made to these comments, thereby affording the trial court an opportunity to remedy the situation, these comments are not so egregious that we can find any undue influence on the outcome of the trial.

Excessive Sentence

Williams argues that the maximum sentence violates his constitutional rights and is unnecessarily harsh, considering the small amount of drugs involved.
The state responds that the sentence imposed is not excessive considering:
• the circumstances of the case;
• defendant’s prior criminal history;
*225 • the trial court’s close review of the pre-sentence investigation; and
• the trial court’s scrupulous compliance with La. C. Cr. P. art. 894.1.
|5Our law on the review of sentences is well settled.[6]
At sentencing, the trial court reviewed the presentence investigation, providing sound reasons to justify this maximum sentence, including:
• defendant’s social history, family relationships, his previous employment and his lengthy criminal history, including convictions for burglary of an inhabited dwelling and distribution of cocaine; and
• defendant’s failure to abide by his previous probation and parole, resulting in revocation in both cases.
UThe record reveals that the trial court thoroughly reviewed and considered the appropriate factors in fashioning this sentence for this individual. The maximum sentence in this case is not an abuse of the trial court’s discretion. Defendant’s previous opportunities for rehabilitation failed miserably. This sentence is not grossly out of proportion to the seriousness of the offense, nor is it a purposeless and needless infliction of pain and suffering. This sentence does not shock the conscience.

*226
Motion to Suppress

Williams argues that the trial court erred in denying his motion to suppress because the evidence seized arose from an illegal stop and an illegal search. He also argues that the officer who attempted to stop him did not give him an audible or visual signal to stop. The state did not respond.
La. C. Cr. P. art. 213 allows warrantless arrests.[7]
La. C. Cr. P. art. 703(D) requires the state to bear the burden of proof when a defendant files a motion to suppress war-rantless seizures.[8]
|7Our law is well settled relative to reviewing motions to suppress.[9]
*227 In support of suppression, the defendant argues that Weaver:
• lacked a reason to arrest him pursuant to La. C. Cr. P. art. 213;
• did not stop him until nine minutes after the alleged infraction; and
• gave no audible or visual signal to stop, as required by La. R.S. 14:108.1,[10] making his arrest illegal.
lsWe find that the stop was justified by Weaver observing a traffic infraction, which provided the requisite reasonable suspicion of criminal activity required for a valid traffic stop. Additionally, Weaver was conducting surveillance at the time of the stop, immediately after getting extremely current information from a Cl that the defendant was possessing drugs in his car. Any premature attempt by Weaver to make a traffic stop and issue a misdemeanor citation could have jeopardized his felony drug investigation. The officer’s detention of the defendant was lawful, being predicated upon reasonable suspicion of the possession of cocaine and reasonable suspicion of a traffic infraction.
Weaver testified that he activated the lights on his unmarked vehicle. The defendant’s attempt to escape reveals his certain knowledge of the officer’s pursuit. The stop and the subsequent arrest were entirely lawful.
DECREE
The conviction and sentence of the defendant are AFFIRMED.
STEWART, J., concurs with written reasons.

. Coincidentally, this appeal involves the same defendant who was prosecuted by the same assistant district attorney, and defended by the same attorney, in a case involving the same type of drug, with two of the same issues, as a previous opinion rendered by this court [State v. Williams, 46,301 (La.App.2d Cir.5/18/11), 69 So.3d 556], with that opinion and this one being written by the same appellate judge, but with a different panel.

. Ferguson, who had worked as a Cl on at least 20 prior occasions, testified that she reported the defendant because she "was tired of seeing it on the streets.”

. Subsequent laboratory testing confirmed the analysis.

. The defendant admits the lack of a contemporaneous objection at trial, but he still argues that the statements of the prosecutor violated his constitutional right to due process.

. (1) We said that we were going to call Lucille Ferguson. She was our confidential informant. I’ve explained to you about her. She’s been steady consistent since the first day I ever talked to her that she saw the cocaine in his hand, she got out and called Lieutenant Weaver. Lieutenant Weaver approaches and finds cocaine in the door of the car. As far as why she did this, I knew her uncle, Jim Lee Stanfield, and they were a family that had a conscience about their community. And she said she was just tired of seeing this go on. She was tired of being a, being a victim of illegal narcotics and she was tired of seeing it going on in her community. So that’s why she helped.
(2) And I really want you to know one thing, I do care what happens in this case, but I care more than that about what happens to Dan Weaver. He chases and fights out there in that street and I know about it because he’s constantly in contact with me. He didn’t come in here to hurt anybody. He did — he’s a professional police officer who keeps our streets and communities — if you’re going to do drugs, you better stay out of Minden, Louisiana. You're going to get caught here. And Lieutenant Weaver in a professional, honest, good fashion chased a fleeing criminal, threw him down on the ground, and captured him, went back to the door that was left open when this defendant jumped out of the car and found crack cocaine in the holder of the door where he got out.
(3) You know, we consulted, always consult with officers throughout the — an investigation. And when we become persuaded that we have enough to go to trial, we say stop, don’t focus on something else, don’t keep chasing this one right here, we’ve got enough to convict this man. And that’s what I told him to do. I said we have enough to convict, go focus on another defendant.
(4) The police department works closely with our department and when they get their investigation to a point they hand it to us and we tell them go back and get some more information or that’s enough. So when this investigation was concluded, the officers checked in with us and we said, “You’ve got enough, you can stop.’’ So it’s my case, I concluded that we had enough evidence to present to you as a jury.
(5) In cases like this, over and over and over again when a defendant comes before the bar of justice and he doesn’t have anything else to do he always attacks the policeman, he always attacks the witnesses and he always attacks the investigation to say it could have been done differently, it could have been done — I would have done it this way, I would have done it that way or the other. But I bet you that everybody sitting in this box right here has had enough life experiences to know that when you’re faced with a situation you face it right up and you do the very best you can with it at that time. I’ve never tried a lawsuit that when I looked back on it I say I wish I would have done this instead of that. So to be critical of what has been done, that’s the last resort of a defendant. They all always do it and most of you I remember said you didn’t watch any crime shows. My wife watches them all and so I learn a lot from her. But even they — I mean even there I would look at what they present in a scripted situation and say I'd have done that a little bit different. We do the very best that we can and in every case that I prosecute so far it’s been sufficient. Every case I prosecuted so far the defendant always comes in says the police don’t like me, they didn’t do it right.

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir. 1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.

. La. C. Cr. P. art. 213 Arrest by officer without warrant; when lawful
A peace officer may, without a warrant, arrest a person when:
(1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit;
(2) The person to be arrested has committed a felony, although not in the presence of the officer;
(3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or
(4) The peace officer has received positive and reliable information that another peace officer from this state holds an arrest warrant, or a peace officer of another state or the United States holds an arrest warrant for a felony offense.
A peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this Article may enter another jurisdiction in this state and make the arrest.

. D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.

. The state bears the burden of showing that probable cause and exigent circumstances justified a warrantless search and seizure. State v. Hemphill, 41,526 (La.App.2d Cir. 11/17/06), 942 So.2d 1263, writ denied, 2006-2976 (La.3/9/07), 949 So.2d 441.
Great weight is placed upon the trial court’s ruling on a motion to suppress in regard to the finding of facts because it had the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Crews, 28,153 (La.App.2d Cir.5/8/96), 674 So.2d 1082.
This court reviews the district court’s ruling on a motion to suppress under the manifest error standard in regard to factual determinations, while applying a de novo review to its findings of law. State v. Hemphill, supra; State v. Jones, 36,553 (La.App.2d Cir. 1/29/03), 840 So.2d 7, writ denied, 2003-0956 (La.10/3/03), 855 So.2d 309.
In reviewing the correctness of the trial court's pretrial ruling on a motion to suppress, the appellate court may review the entire record. State v. Young, 39,546 (La.App.2d Cir.3/2/05), 895 So.2d 753.
A trial court’s denial of a motion to suppress is afforded great weight and will not be set aside unless a preponderance of the evidence clearly favors suppression. State v. White, 39,681 (La.App.2d Cir.5/11/05), 903 So.2d 580.
The right of every person to be secure in his person, house, papers, and effects against unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution. It is well settled that a search and seizure conducted without a warrant issued on probable cause is per se unreasonable unless the warrantless search and seizure can be justified by one of the narrowly drawn exceptions to the warrant requirement. State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. O’Neal, 44,067 (La.App.2d Cir.4/8/09), 7 So.3d 182, writ denied, 2009-1243 (La.2/12/10), 27 So.3d 841.
The purpose of limiting warrantless searches to certain recognized exceptions is to preserve the constitutional safeguards provided by a warrant, while accommodating the necessity of warrantless searches under special circumstances. State v. O'Neal, supra.
When the constitutionality of a warrantless search or seizure is placed at issue by a mo *227 tion to suppress the evidence, the state bears the burden of proving that the search and seizure were justified pursuant to one of the exceptions to the warrant requirement. La. C. Cr. P. art. 703(D); State v. O’Neal, supra. The plain view doctrine is an exception to the warrant requirement. State v. O’Neal, supra.
The plain view doctrine renders a warrant-less search reasonable: (1) if the police officer is lawfully in the place from which he views the object; (2) where the object's incriminating character is immediately apparent; and (3) the officer has a lawful right of access to the object. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. O’Neal, supra.

. La. R.S. 14:108.1 refers to the crime of flight from an officer, an offense not charged in these proceedings. The use of lights, siren, and a marked police unit are among the elements required for proof of the crime of flight from an officer. This statute, however, is totally irrelevant to this appeal.