GARRETT, J. '
hThe defendant, Curtis D. Jones, appeals his convictions for .three counts of distribution of cocaine and his adjudication and sentence as a fourth felony habitual offender to life imprisonment at hard labor without benefit of, parole, probation, or suspension of sentence. We affirm the defendant’s convictions for three counts of distribution of cocaine. We vacate his adjudication and sentence as a fourth felony habitual offender and remand for further proceedings consistent with this opinion.
FACTS ...
Agent Russell Sarpy of the DeSoto Parish Sheriffs Office was part of a -TriParish Narcotics Task Force (“Task Force.”) The Task Force received information that Jones was selling narcotics in the Mansfield, Louisiana, area and focused its investigation on him. On October 18, 2012, Agent Sarpy gave a confidential informant (“Cl”) marked “buy funds” with which to- buy narcotics from Jones. The Cl was equipped with audiovisual recording equipment and recorded an exchange of money between Jones and the Cl. Other members of the Task Force observed Jones giving drugs to the CL After the transaction, the Cl surrendered the purchased drug, which was transferred to the North Louisiana Crime Lab (“Crime Lab”) where it was tested and determined to be crack cocaine.
On October 19, 2012, the next day, the same Cl followed the identical procedure and made another purchase of crack cocaine from Jones. This transaction was videotaped. The amount of cocaine purchased on this occasion was 0.6 grams.
ROn November 30, 2012, a different Cl paid' Jones $40 for 0.4 grams of crack cocaine. The exchange of money was videotaped.
On March 18, 2013, Jones was charged by bill of information with three counts of violating La. R.S. 40:967(A)(1), “Production, distribution, or possession with intent to distribute a Schedule II CDS,- in that he did knowingly or intentionally -produce, manufacture, distribute, dispense, or possess with the intent to produce, manufacture, distribute, or dispense a Schedule II Controlled Dangerous Substance, to wit: CRACK COCAINE.”
Jones was tried by jury in September 2013. Agent Sarpy and the CIs testified, as well as Bruce Stentz, an expert in forensic chemistry with the Crime Lab, who analyzed the drugs from all three sales and determined they were cocaine. The *1078 videos of the transactions were also played for the jury.
On September 9, 2013, the jury found Jones guilty as charged of three counts of distribution of cocaine. The court ordered a presentence investigation (“PSI”) report. Jones was never sentenced for these offenses.
On October 25, 2013, Jones filed a pro se motion for post verdict judgment of acquittal, essentially claiming that the Crime Lab did not receive and analyze cocaine for all three charged offenses. Jones claimed the state committed obstruction of justice under La. R.S. 14:130.1 by “placing evidence on cases that the lab didn’t receive any evidence on,”
In the meantime, on October 2,2018, the state filed a habitual Offender bill of information charging Jones as a fourth felony offender based upon his conviction for distribution of cocaine committed on November 30, 2012. The three predicate offenses listed in the bill of ^information were a guilty plea to possession of marijuana, third offense, which was entered' on November' 15, 2012, and the convictions for distribution of cocaine in this matter, which were committed on October . 18 and 19, 2012.[1] As stated above, Jones was also convicted of .these offenses on September 9, 2013, along with the charge of distribution of cocaine, which was committed on November 30, 2012. : *
On November 8, 2013, a habitual offender hearing was - commenced. Jones was fingerprinted in open court for comparison with the fingerprints connected with the prior convictions. Captain Toni Joe Morris of the DeSoto Parish Sheriffs Office was accepted as an expert in fingerprint analysis; and testified, that Jones’s fingerprints matched the prints connected with the convictions of September 9, 2018. The state asked the court to take judicial notice of Jones’s conviction on November 15, 2012, and his convictions on September 9, 2018, “for possession with intent to distribute, three counts.”[2]
The trial court questioned whether the conviction for. possession of marijuana, third offense, could be used as a predicate offense for a habitual offender bill of information. The hearing was stopped and the court asked for briefs on this issue. Although formal briefs were not filed, the state provided the trial court with a letter containing a list of legal authority in support óf its position. This letter was filed with the PSI.
I/The hearing was resumed on December 11, 2018. The state offered additional evidence, including the testimony of Kristen Jackson with the DeSoto Parish Clerk of Court’s Office. She identified certified copies of the bills of information for possession of marijuana, third offense, and for the three counts of distribution of cocaine. Ms. Jackson testified that both documents named Curtis D. Jones as the defendant and the address and date of birth were the same. The state also introduced a transcript of the defendant’s guilty plea entered on November 15, 2012, to possession of marijuana, third offense. The defendant’s “Pen Pack” from the Louisiana Department of Corrections was introduced into evidence, as well as a certified'copy of the minutes from the trial on the three counts of distribution of cocaine.
The trial court adjudicated Jones a fourth felony offender. Because all four *1079 convictions were violations of the Uniform Controlled Dangerous Substances Law, the mandatory sentence..of life at hard labor without benefit of parole, probation, or suspension of sentence was imposed upon Jones. His motion for appeal was granted on December 19,2018.
In his original appeal, Jones argued that the trial court erred in adjudicating him a fourth felony offender and imposing the mandatory sentence of life at hard labor, He argued that the state could not use the offenses committed on October 18 and 19, 2012, and for which he was found guilty on September 9,2018, as predicate offenses in the habitual offender proceeding because he was not convicted of those offenses when Lhe committed the offense of distribution of cocaine on November 80, 2012, as required by La. Rig. 15:529.1.
This court did not reach consideration of the issues raised by Jones on appeal. On May 14, 2014, we issued an opinion stating that, under La. C. Cr. P. art. 821, the trial court was required to rule on the defendant’s post verdict judgment of acquittal prior to sentencing, and this had not been done. The defendant’s sentence was set aside and vacated, and the matter was remanded to the trial court for further proceedings. See State v. Jones, 49,297 (La.App.2d Cir.6/14/14), 140 So.3d 1202.
On May 18, 2014, the trial court denied the defendant’s motion for post verdict judgment of acquittal, finding that his argument in the motion was not supported by the facts and evidence admitted at trial. On May 80, 2014, the. defendant appeared before the trial court for resentencing. Jones filed a motion to depart from the mandatory sentence under the habitual offender law, arguing that he,was only 28 years old, had a substance abuse problem, and was involved in low-level sales of crack cocaine to support his drug habit. He asserted that a life sentence imposed for a drug abuse problem was not tailored to the culpability of his actions or the gravity of the offenses. ,
The trial court denied the motion to deviate from the mandatory sentence and again sentenced Jones to life imprisonment at hard labor. He appealed again. His court-appointed attorney now argues that •the sentence to life imprisonment without benefits as a fourth felony habitual | (¡offender is excessive.[3] Jones also filed a pro se brief attacking his convictions for three counts of distribution of cocaine and his adjudication as a fourth felony habitual offender. He maintains that the trial court did not have, jurisdiction to proceed to trial on the three counts of distribution of cocaine because the bill of information was defective. He contends that, at his trial for three counts of distribution of cocaine, the state made improper statements in closing argument. He also argues that he was denied the right to proper judicial review because the record is incomplete. ■ As to his habitual offender adjudication, Jones asserts that the evidence introduced at the hearing was insufficient to prove. he was a fourth felony offender.
DEFECTIVE BILL OF INFORMATION
Jones contends that the bill of information charging him with three counts • of distribution of cocaine is defective and therefore the trial court lacked jurisdiction over the case. He.argues that the bill of information referenced only a sentencing provision and failed to specifically inform *1080 him of the crime charged. This argument is without merit.
Regarding criminal charges, La. C. Cr. P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count ■the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
|7The time for testing the sufficiency of an' indictment or bill of informa-tioh is before trial by way of a motion to quash or an application for a bill of particulars. State v. Draughn, 2005-1825 (La.1/17/07), 950 So.2d 583, cert. denied, 552 U.S. 1012, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007); State v. Walker, 37,493 (La.App.2d Cir.8/20/03), 853 So.2d 746, writ granted, 2003-2871 (La.3/12/04), 869 So.2d 802, order recalled, 2003-2871 (La.7/2/04), 877 So.2d 99, writ quashed as improvidently granted, 2003-2871 (La.7/2/04); 877 So.2d 99. A post verdict attack on the' sufficiency of an indictment does not provide grounds for setting aside a conviction unless the indictment failed to give fair notice of the offense charged or failed to set forth any identifiable offense. State v. Draughn, supra; State v. Cavazos, 610 So.2d 127 (La.1992). When an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, technical sufficiency of the indictment may not be questioned after conviction where no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution. State v. T.T., 2012-4)146 (La.App. 1st Cir.9/21/12), 111 So.3d 71.
The bill of information in this case complied with La. C. Cr. P. art. 464 and adequately advised Jones of the essential facts and elements constituting the charged offenses. The bill of information charged him with three counts of violating La. R.S. 40:967(A)(1) for producing, distributing, |sor possessing with intent to distribute a Schedule II controlled dangerous substance, crack cocaine, on October 18, 2012, October 19, 2012, and November 30, 2012. This gave Jones sufficient notice of the allegations against him in order to prepare for trial. There is no showing that he was in any way confused about the charges against him.
IMPROPER CLOSING ARGUMENTS
Jones contends that the trial court erred in allowing improper closing arguments by the prosecution which prejudiced the jury against him, causing it to render a guilty verdict in favor of the state. He complains that the state brought religion into the closing argument to prejudice the jury against the defendant and to- bolster the credibility of the state’s witnesses. This, argument is without merit.
Jones complains of several statements in the state’s closing arguments. In the first statement, the state said:
Those confidential informants, you heard Agent Sarpy tell you, of course, they’re going to have questionable background[s]. Who do you find to help in a sting operation involving drugs? You can’t go gather up Sunday School teachers, postal carriers, school teachers, store clerks. No. You have to use people who are accustomed to that environment. • •
*1081 Later, in rebuttal, the state made the following comments:
You know, there is an old saying that says agreements made in Hell'don’t-involve angels. Agreements made in Hell don’t involve angels. In the drug world, you can’t expect that, as Ms. Green said, Sunday School teachers and postal workers come to be your witnesses. But, nonetheless, it has to be done. I think we all agree that the government has an interest in protecting us and even protecting those people who won’t protect themselves. .
When you look at the tape, it’s not difficult. If you got to question anything, [defense counsel] would say that Mi;. Sarpy |9could not see and it calls into [question] his credibility. You determine his credibility based upon a stellar past, I’m sure many, many convictions. There would be no reason in the world for him to say he didn’t' see what he testified to. What’s interesting is this.' Even if you argue that the two confidential informants are not credible because of their criminal history, he corroborates everything that they said. He corroborates everything they say, everything.
In continuing the argument regarding the testimony of the CIs, the state said:
It’s either you believe both of them or you don’t believe either of them. You either believe both of them or neither. And I will say to you that a question of criminal history,'as’I said to you before, is not going to get church going people . to do this. It’s just not going to happen. Those agreements that are made in Hell don’t involve angels. You’re not going to find angels. It is what it is. And I submit to you just one thing, that is not an angel sitting over there.
La. C. Cr. P. art. 774 provides that the argument at trial shall.be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. Louisiana jurisprudence on prosecutorial misconduct allows prosecutors wide latitude in choosing closing argument tactics. Further, the trial judge has broad discretion in controlling the scope of closing arguments. Even if the prosecutor exceeds these bounds, the court will not reverse a conviction unless “thoroughly convinced” that the argument influenced the jury and contributed to the verdict. State v. Casey, 1999-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
The jury’s function is to assess the credibility of the witnesses, and it is proper for both sides to argue that their witnesses should be believed and | 1flthe other side’s not believed. State v. Jason, 1999-2551 (La.App. 4th Cir.12/6/00), 779 So.2d 865, writ denied, 2001-0037 (La.11/9/01), 801 So.2d 357.
The contemporaneous objection rule applies to claims that the prbsecutor made an improper closing argument. State v. Taylor, 1993-2201 (La.2/28/96), 669 So.2d 364, cert. denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996); State v. Williams, 46,674 (La.App.2d Cir. 12/14/11), 81 So.3d 220. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841.
There was no contemporaneous objection to the state’s comments during closing argument. Therefore, Jones cannot raise a claim related to' those' arguments 'on appeal. However, even if he could properly raise this issue, it is clear .that the comments by the state were properly directed to arguing that its witnesses should be believed. During the trial, the defense cross-examined the CIs about their criminal records and questioned their credibility *1082 during closing arguments. There is no showing that the comments made by the state were improper in any way.
INCOMPLETE RECORD
In his pro s'e brief, Jones argues that he will be denied a right to a proper judicial review on appeal because the appellate record lacks a transcript of the voir ■dire examination of the jurors, as well as copies of the jury verdict sheets, the jury charge, and briefs ordered by the trial court in h, connection with the habitual offender hearing. These arguments are without merit.
The transcript of the voir dire examination of the jurors and the jury charge is not necessary because neither Jones nor his appointed appellate counsel alleged that any error occurred in the jury selection or charge. Further, there was no timely request for these items to be made part of the record on appeal.
The jury verdict forms are included as part of the appellate record. Although no briefs in connection with the habitual offender hearing were ever filed, the letter containing legal authority sent by the state to the trial court is in the record. Therefore, the appellate record ⅛ complete.
' SUFFICIENCY OF EVIDENCE ON HABITUAL OFFENDER ADJUDICATION
In his pro se assignments of error, Jones contends that there was insufficient evidence to adjudicate him as a fourth felony habitual offender because his conviction for possession of marijuana, third offense, cannot be .used as! a predicate offense in his habitual offender charge.[4] This argument is without merit. .
112Jones essentially argues that his conviction for possession of marijuana, third offense, could not be used as a predicate for his habitual offender charge because the penalty for that charge was already enhanced by virtue of being his third conviction for that offense. The trial court initially questioned whether this conviction could be used as a predicate for a habitual offender charge on this basis, but later accepted it as a predicate offense. We find no error in the trial court’s action on this issue.
In State v. Platt, 43,708 (La.App.2d Cir.12/3/08), 998 So.2d 864, writ denied, 2009-0266 (La.11/6/09), 21 So.3d 306, this court considered a similar argument and concluded that a drug conviction with an enhanced penalty due to prior convictions for the same offense - can be used as a predicate for a habitual offender charge where the underlying offenses for the drug conviction were not also used as a predicate offense for the habitual offender adjudication. See also State v. Lewis, 2012-1836 (La.11/30/12), 104 So.3d 407. Those are the circumstances present here. Therefore, the prior conviction for possession of marijuana, third offense, could be *1083 used as a predicate offense for a habitual offender charge.
ERROR PATENT
In his original, appeal, Jones argued that the trial court erred in using his convictions for the counts of distribution,of cocaine occurring on October 18 and 19, 2012, to, adjudicate him a.fourth felony offender because he was not convicted of those offenses when he committed the offense of distribution of cocaine on November 30, 2012. We never reached consideration of this issue. This argument has merit and, even.if the issue |'iahad not been previously raised, this would' constitute error patent on the face of the record, requiring that we vacate Jones’s adjudication and sentence as a fourth felony- habitual offender. See State v. Roshell, 40,374 (La. App.2d Cir.12/14/05), 916 So.2d 1268, writ denied, 2006-0771 (La.10/6/06), 938 So.2d 69; State v. Webb, 2014-149 (La.App. 3d Cir.10/1/14), 149 So.3d 310.
We also note as error patent that Jones was never sentenced for the offenses which occurred' on October 18 and 19, 2012.
La, R.S. 16:629.1 provides in pertinent part:
Any person who, after having been convicted within this state .of. a felony, or who, after having been convicted under the laws of any other state or of the United States,' or any foreign government of a crime which, if committed in , this state would be a felony, thereafter commits-mvy subsequent, 'felony within this state, upon conviction of. said felony, shall be punished as follows: [Emphasis supplied.] . ...
This portion of the statute, and the jurisprudence interpreting it, require that the prior conviction must precede the commission of the principal offense in order to be used as a predicate to enhance-a defendant’s status as a multiple offender. State v. Jackson, 43,139 (La.App.2d Cir.3/26/08), 979 So.2d 678, writ denied, 2008-0952 (La.12/12/08), 997 So.2d 560; State v. Roshell, supra; State v. Ball, 32,498 (La.App.2d Cir.12/15/99), 748 So.2d 1249, writ denied, 2000-0506 (La.10/6/00), 770 So.2d 364; State v. Davis, 48,161 (La.App.2d Cir.8/7/13), 121 So.3d 1207, writ denied, 2013-2145 (La.3/14/14), 134 So.3d 1194.
Significantly, in State v. Shaw, 2006-2467 (La.11/27/07), 969 So.2d 1233, the supreme 'Court recognized that the only requirement in La. R.S. h,,15:529.1 is one which has been imposed from the inception: for sentence enhancement purposes, the subsequent felony -must be committed after the predicate conviction or convictions, citing State v. Johnson, 2003-2993 (La.10/19/04), 884 So.2d 668.
We recognize that the Louisiana Supreme Court overruled prior jurisprudence which had established the “one day, one conviction rule,” whereby only one conviction obtained on the," same day could be enhanced under the habitual offender statute. ' This case' does not fall under the “one day, one conviction” rule. All three convictions for distribution of cocaine, which were entered on September 9, 2013, could be enhanced under the habitual offender statute. However, under the clear wording of La. R.S. 16:529,1,. the state is barred from using as predicate convictions the offenses for which Jones had not been convicted at the time- he committed distribution of cocaine on .November 30, 2012.
'Also, in this circuit, we have held that,- in order to be used as predicate offenses in habitual offender adjudications, prior convictions must be final. See State v. Lewis, 564 So.2d 765 (La.App. 2d Cir.1990). Not only were the convictions no.t final for the offenses committed on October 18 and 19, 2012, the defendant has never been sentenced for those offenses. A trial court must impose a determinate;.sentence if. a *1084 defendant is convicted of an offense. La. C. Cr. P. art. 879. Accordingly, on remand, the trial court must impose a sentence for all three convictions entered on September 9, 2013.
| ^CONCLUSION .
For the reasons stated above, we affirm the convictions of the defendant, Curtis D. Jones, for three counts of distribution of cocaine and remand for sentencing. We vacate the defendant’s adjudication and sentence as a fourth felony offender and remand for further proceedings.
CONVICTIONS AFFIRMED; REMANDED FOR SENTENCING. HABITUAL OFFENDER ADJUDICATION AND SENTENCING ■ VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. The habitual offender bill of information erroneously states that on September.^, 2013, Jones was convicted of three counts of /'possession with intent to distribute Schedule II.”

. Again, the defendant was convicted on that date of three counts of distribution of cocaine, not three counts of "possession with intent to distribute."

. Our disposition of other issues in this matter, requiring that wd overturn the defendant’s adjudication as a fourth felony habitual offender and his sentence to life in prison without benefits, precludes consideration of his argument that the sentence is excessive.

. Jones makes two other arguments in support of his claim that his fourth felony habitual offender adjudication is defective. He asserts that the trial court had no jurisdiction to proceed with the habitual offender hearing before the parties filed the briefs ordered by the court on November 8, 2013. He also urges that the habitual offender bill of information charged him with being convicted of three counts of possession with intent to distribute cocaine, occurring on October 18 and 19, 2012, and November 30, 2012. However, he was not convicted of those offenses, but rather was found guilty of three counts of distribution of cocaine. Because we vacate the fourth felony habitual offender adjudication and sentence, we do not reach consideration of these arguments. While Jones’s argument. regarding the use of his conviction for possession of marijuana, third offense, as a predicate offense in the habitual proceeding is possibly moot as well, wo are addressing the issue because it will likely arise again in further proceedings.